## N. Y. MARINE COURT.

### JULIA A. SHAW agt. JOHN McCARTY.

*Summary proceedings — Illegal trade.*

Where a tenant knowingly sub-lets a portion of the demised premises for a policy shop, the lease of the tenant may be annulled by the landlord, and the tenant may, under the statute in reference to illegal trades, be removed by summary proceedings, the same as if he were an overholding tenant.

After the forfeiture has once attached, it cannot be discharged by the tenant abating the nuisance. The reasons stated.

*Special Term, October,* 1880.

MRS. JULIA A. SHAW commenced proceedings in the marine court against her tenant, John McCarty, to cancel his lease of the Rapid Transit Hotel, in East Forty-second street, near the Grand Central Railway Depot, and to eject him from the premises for sub-letting the basement of the hotel for a policy shop, in violation of the statute.

*E. P. Wilder,* for landlord.

*Joseph Ullman* and *Charles Crary,* for tenant.

McADAM, J. — The statute under which this proceeding is authorized provides that whenever the lessee or occupant of demised premises shall use or occupy the same, or any part thereof, for any illegal business, the lease or agreement for

the letting or occupancy of such premises shall thereupon become void and the landlord may re-enter, &c. (1873, *chap.* 583), and substantially the same language is employed by the Code of Civil Procedure (*sec.* 2231). The tenant did not personally use the demised premises for any illegal trade, but he sub-let the basement thereof to one Lampson as a "policy shop," an illegal trade or business within the meaning of the statute (*See* 3 *R. S.* [*6th ed.*], 922). It was used as a place for the sale of tickets, numbers and slips, in the scheme of drawing lottery prizes, and was frequented by hackmen, boys and colored people who patronized the game. The evidence satisfies me that McCarty knew all about Lampson's antecedents, and the business he was to carry on from the time he first negotiated for the basement, so that these facts must be found in favor of the landlord.

The occupation by Lampson, under such circumstances, by force of the statute, made McCarty's lease void, at the option of his landlord or of his assigns (*See The People* agt. *Bennett,* 14 *Hun,* 63).

The lease being nullified, the landlord was authorized by statute to take the same remedies to recover possession of his premises as are given him by law in a case of a tenant holding over after the expiration of his lease. The assignee of the landlord has therefore resorted to this remedy (*Code, sec.* 2235). He has done nothing, since the lease was so annulled, which operates in law as a waiver of the statutory right. On the contrary, he promptly commenced proceedings before justice LANGBEIN, in the seventh district court, but that justice dismissed the proceedings because they were, in his judgment, prematurely brought.

The tenant's counsel claims that the dismissal is a bar to these proceedings. The objection, however, is untenable (*Dexter* agt. *Clark,* 35 *Barb.,* 271; *The People* agt. *Vilas,* 36 *N. Y.,* 460).

The tenant's counsel also claims that before the present proceeding was commenced, the tenant induced Lampson to

Shaw agt. McCarty.

leave the basement, and that by this means the nuisance has been abated, and the object of the statute satisfied. But the statute goes further; it imposes, as a penalty for its infraction, that the lease for the letting and occupancy of the premises shall become void. If it becomes void at the option of the landlord or his assigns, it may be competent for them to waive the forfeiture, but I am at a loss to discover how the party who has incurred the penalty, can by any act of his (however meritorious) discharge it. The statute was aimed at what the legislature regarded as a growing evil, and by its terms the person offending against its provisions forfeits his lease. The landlord in the present proceeding insists upon the forfeiture.

The tenant herein has incurred the penalty, and although the statute is highly penal, I must enforce its mandates. The landlord is therefore entitled to judgment for possession.

NOTE. — The tenant subsequently obtained an injunction in the supreme court, to restrain the issuing of the warrant upon the above judgment. A motion to continue the injunction was made, and on the 1st day of November, 1880, denied, and the following decision rendered :

*Charles Crary* and *Joseph Ullman*, for motion.

*E. P. Wilder*, opposed.

LAWRENCE, *J.*—I am of the opinion that the learned justice of the marine court was right upon the facts and the law in this case, and that the injunction heretofore issued should not be continued. The temporary injunction is therefore dissolved.—[ED.