Toy, Respondent, vs. Olinger, Appellant.

*January 11—February 8, 1921.*

*Landlord and tenant: Constructive eviction: Disturbance created by
other tenants: Noxious odors: Continued occupancy.*

1. The lessee of a portion of a building for a motion-picture
theater could not defeat the payment of rent during the period
of his occupancy or recover damages because another tenant
in the building in the restaurant business furnished his patrons
with music out of harmony with the music played in the
theater, where there is not a sufficient showing of respon-
sibility on the part of plaintiff for the situation complained of.

2. The fact that the odor of onions escaped from the basement of
the building into the theater was not a constructive eviction
of the tenant operating the theater, either partial or whole,
where he continued to pay rent and remained in possession.

APPEAL from a judgment of the circuit court for Milwau-
kee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action to recover a balance due for rent on a certain
portion of plaintiff's building in Milwaukee occupied by
defendant for a moving-picture theater. The written lease
provided for a term commencing January 1, 1917, termi-
nating December 31, 1919, and at an annual rental of $4,000
for two years and then $5,000. Rent was duly paid until
August 1, 1917. February 18, 1918, the usual form of
notice to pay the rent then due or vacate was served. Pur-
suant to such notice the premises were vacated by defendant
March 1st. This action was then brought for the rent due
up to March 1st.

Defendant counterclaimed for damages, alleging a breach
of the covenant for the quiet use and enjoyment of the
premises, in that they were rendered untenantable for mov-
ing-picture purposes by reason of noxious odors arising from
the basement of the building, and further from noise and
disturbance permitted to be carried on in another portion of
the building in premises adjoining defendant's by another
tenant of plaintiff conducting a café in which there was

music furnished to his patrons, all of these things being to the great annoyance and disturbance of defendant's patrons. Defendant maintained that such situations continued by plaintiff or permitted by him were sufficient in fact and in law to amount to his constructive eviction either total or partial, thereby relieving him from the obligation to pay rent during such period and further entitling him to damages from the resulting financial harm.

The plaintiff conducted a restaurant in another portion of the same building. In connection therewith he had in the basement of the building, for a long time prior to the making of the lease with defendant and thereafter, stored and cut up onions. Within two weeks after taking possession defendant discovered that the odor from the onions permeated his premises, and from then on he complained of such condition at times to the plaintiff and attempted himself to remedy the same by changes in ventilation and other methods. In March he rented the theater to other tenants. These tenants occupied it for seven or eight weeks and then vacated. He then opened the theater himself for a period of three to four weeks and then closed it, opening again at the end of October for one week. It then remained closed until March 1st, when he vacated.

Some time in the spring of 1917 another portion of plaintiff's building was leased to a third person for café purposes. Immediately after taking possession this tenant commenced and thereafter continued to furnish music to his patrons. Defendant complained to plaintiff that this music interfered with the renting of the theater and drove away patronage.

By letter of September 17, 1917, the plaintiff notified defendant he would not give up the use of his basement for the purposes above indicated. On November 5, 1917, by letter, plaintiff notified defendant that the rent then unpaid was over $1,300 and such default was considered a violation of the lease. Thereafter defendant paid $100 in December and the same amount in January, 1918. Defendant testified

that his net loss in this particular enterprise was between seven and eight thousand dollars.

At the conclusion of the trial before a jury the court granted plaintiff's motion for judgment for the amount of the unpaid rent and dismissed defendant's counterclaim and directed judgment in accordance therewith. From such judgment defendant has appealed.

For the appellant the cause was submitted on the brief of *Cochems, Wolfe & Kolinski* of Milwaukee.

For the respondent there was a brief by *Stover & Stover* of Milwaukee, and oral argument by *Daniel G. Stover*.

ESCHWEILER, J. So far as the defendant's claim to defeat the payment of rent during the period of his occupancy of the premises or as a basis for damages is predicated upon the fact that another tenant of plaintiff furnished to his patrons a certain class of music which at times was quite out of harmony with the music being played in defendant's theater, no sufficient showing of responsibility on the part of the plaintiff for such situation has been presented so as to make plaintiff in any wise liable.

The odor with which nature has so bountifully endowed the onion had been escaping from the basement into the theater premises prior to defendant's taking possession thereof, as could then have been discovered by him. He first discovered it in about two weeks after taking possession on January 1st. In spite of that condition, so early brought to his attention, he continued to pay rent on said premises according to the lease and at the specified rate until August 1st. During this period he leased to others the same premises at a greater rental rate than that which he was paying, and after such subtenants gave up their lease, finding it an unprofitable venture, he used the theater himself. After he had stopped paying the rent in August he again opened the theater in October for a week and then remained in possession thereof until the notice to vacate was served on him.

On November 5th he was notified that his failure to pay rent was being considered a violation of the lease. He nevertheless elected to remain there, and did pay, after such notice, two instalments on the rent in December and January of $100 each.

Under the facts and circumstances the trial court was correct in holding that there was no constructive eviction, either partial or whole, by the landlord of the defendant as tenant. His remaining in possession; his unqualified payment of rent up to the 1st of August, 1917, must be considered to have been a waiver of any rights he then might have had to treat this condition, if chargeable to plaintiff, as a breach of the covenant of the lease.

Neither is there satisfactory proof that the substantial failure of defendant's business venture was the result of these odors escaping into his theater premises.

It follows that the trial court was right in dismissing defendant's counterclaim and directing judgment for the amount of the unpaid rent.

*By the Court.*—Judgment affirmed.