## DOWNEY v. BROESAMLE.

No. 11433—Opinion Filed June 12, 1923.

### 1. Trial—Demurrer to Evidence.

A demurrer to the evidence, for the purpose of consideration of the demurrer, admits the truth of the evidence at which the demurrer is leveled.

### 2. Appeal and Error—Findings—Evidence.

Where the testimony reasonably supports the findings and judgment in a cause tried to the court without a jury, the findings and judgment will not be set aside on appeal.

### 3. Mechanics' Liens—Amendment of Claim.

It is not error to permit a mechanic's lien claim to be amended, if the lien claim is not fatally defective.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by G. A. Broesamle and brother, partners, against Levi J. Downey to enforce mechanic's lien. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. A. Lee, for plaintiff in error.

Curran & Kruse, for defendants in error.

Opinion by SHACKELFORD, C. G. A. Broesamle and H. C. Broesamle, as partners, doing business as Broesamle Brothers, plaintiffs below, recovered a judgment against Levi J. Downey, defendant below, for the sum of $162.76 with interest at six per cent. per annum from the 20th day of October, 1919, and for the sum of $25 as attorney's fees and costs amounting to $10.-45, and for the foreclosure of a mechanic's and materialman's lien on certain property in the city of Enid, Okla., described as lots 29, 30, and 31 in block 28, Jonesville addi-

tion, and the said L. J. Downey appeals by case-made.

This case was tried to the court without the intervention of a jury on the 20th day of October, 1919, before the Honorable J. C. Roberts, district judge. It was tried upon the plaintiffs' amended petition and the answer of the defendant.

The plaintiffs allege, in substance, that on or about the 28th day of September and between that date and October 2nd, 1917, they did certain work and furnished materials in putting in certain concrete construction work in a building, the property of the defendant, located on lots 29, 30, and 31, of block 28, Jonesville addition to the city of Enid, Garfield county, Okla. That the same was done under contract with one B. F. Scott, lessee of the said building, who was authorized by the owner to employ plaintiffs to make such construction and furnish the materials at the expense of the defendant; and further allege that the defendant was present when the said labor was done and the materials were furnished and consented to and ratified the employment of the said plaintiffs. That the materials furnished and labor done amounted to $145, and that the defendant refused payment and a mechanic's lien was filed within the statutory time. They prayed judgment in the sum of $145 with accruing interest, and a reasonable sum as attorney's fees, the costs of the suit, and for the foreclosure of mechanic's and materialman's lien.

The defendant answered under oath, denying the agency of the said B. F. Scott, and denying all liability, his answer being in effect a general denial.

There seems to be no question as to the correctness of the amount, and the plaintiff in error in his brief says that the sole issue is the liability of the defendant below for the whole amount or nothing.

He sets out eight assignments of error, but contents himself with arguing, in his brief, the second, seventh, and eighth assignments.

The second assignment is that the court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendants in error.

The seventh assignment is that the court erred, in that the decision and judgment is contrary to the weight of the evidence.

The eighth assignment is that the judgment is contrary to law.

1. A demurrer to the evidence, for the purpose of the demurrer, admits the truthfulness of the evidence at which the demur-

rer is leveled, and all the legitimate and reasonable inference to be drawn therefrom.

Howard C. Broesamle testified that the defendant, Downey, saw him putting the material in the building to do the work, and stopped him. but came back in about a half or three-quarters of an hour and told him to put in the work, and the proof further shows that it was in the building of the defendant, and he was around about there all the time while the work was going on and made no objection. We think this was sufficient to justify the court in overruling the demurrer to the evidence.

2. In the seventh assignment of error, plaintiff in error complains that the judgment is contrary to the weight of the evidence.

It has been held by this court in so many cases that the testimony will not be weighed by the appellate court where there are disputed questions of fact, that no authority need be cited. The witnesses were before the court sitting as a jury in the trial; he heard their testimony and had a better opportunity to determine the truthfulness of their statements than we could have under any circumstances. It seems to have been a disputed question of fact as to whether the defendant had agreed to pay for the labor done and materials furnished. The court resolved the matter in favor of the plaintiffs, and his finding on the disputed question of fact will not be disturbed here.

3. Under the eighth assignment of error, plaintiff in error insists that the judgment was contrary to the law. He presents error of the court in that the court permitted the plaintiffs below to amend their mechanic's lien claim. We think that the contention here made is not well taken, since the mechanic's lien statute authorizes the amendment when the lien claim is not fatally defective. We cannot say in this case that the lien claim of the plaintiffs was fatally defective. We think the amendment was properly permitted to be made.

Plaintiff in error makes further complaint that the judgment in so far as the same was rendered for an attorney's fee of $25, was contrary to the law, since no proof was offered as to the amount of a reasonable attorney's fee in the case. We think there is nothing serious in this contention, since the judgment was for the reasonable sum of $25. We do not feel that the trial judge needed the testimony of experts to advise him that an attorney's fee of $25 for plaintiff's attorney would be reasonable.

We have examined all the assignments of error and the argument of plaintiff in error as presented in his brief, and have come to the conclusion that the case was fairly tried, and that the findings and judgment of the court are reasonably supported by the evidence.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.