## SIMMONS et al. v. MAXEY.

No. 15456—Opinion Filed Feb. 24, 1925.

**1. Appeal and Error—Review of Evidence —Jury Case Tried to Court.**

Where an appeal is prosecuted from the judgment of the trial court in a jury case tried to the court without a jury, the Supreme Court is not required to examine and weigh the evidence for the purpose of determining whether or not the findings and judgment are supported by the weight of the evidence or otherwise; but will examine the evidence for the purpose of determining whether or not, as a matter of law, there is any competent evidence in the record, reasonably supporting the findings and judgment of the trial court; and where it is found that there is competent evidence in the record, reasonably supporting the findings and judgment of the trial court, the judgment appealed from will not be disturbed on appeal because of alleged insufficiency of the evidence.

**2. Same—Brokers—Right to Commission— Procuring Cause of Deal.**

A broker employed to secure leases for a buyer is entitled to his commission if during the continuance of his agency he is the efficient, procuring cause of obtaining the leases, though the actual agreement for the leases is made by the principal with the landowners or party in charge of the leases; and the broker will be regarded the procuring, efficient

cient cause if his efforts are the foundation upon which the negotiations resulting in obtaining the leases are begun; and where, in a suit for such commission, tried to the court without a jury, the question of whether or not the plaintiff was the efficient, procuring cause is put in issue, and the evidence is conflicting, and the court resolves the conflict in favor of the plaintiff, the findings and judgment will not be disturbed on appeal because of insufficiency of the evidence, if the plaintiff's evidence reasonably supports the conclusion that he was the efficient, procuring cause. Fitch v. Braddock, 93 Okla. 78, 219 Pac. 703; Downey y. Broesamle, 91 Okla. 81, 215 Pac. 1055.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by W. T. Maxey against T. Karl Simmons and Joe H. Burke. Judgment for plaintiff, and defendants appeal. Affirmed.

George S. Ramsey, Edgar A. de Meules, and Villard Martin, for plaintiffs in error.

Gidney & Gidney, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error were the defendants below, and the defendant in error was the plaintiff. The parties will be referred to herein as plaintiff and defendants as they appeared in the trial court.

The plaintiff brought action against the defendants for the sum of $1,500, as commission claimed to have been earned by him as a lease broker in the employ of the defendants, in procuring leases for them, and payment of which was refused upon demand, and which is due and owing. The defendants answered separately by general denial.

The cause was called for trial on the 23rd of November, 1923; a jury was waived and the cause tried to the court without a jury. The trial resulted in a finding and judgment in favor of the plaintiff and against the defendants, in the sum of $1,500, with 6 per cent. interest from the date of the judgment. The defendant T. Carl Simmons filed in due and apt time his motion for a new trial, which was overruled. The defendants join as plaintiffs in error in prosecuting the appeal. The plaintiffs in error present their assignments of error under one proposition, as follows:

"That the evidence fails to show that the plaintiff was the efficient, procuring cause of the sale of the leases to Burke and Simmons."

This proposition presents the question of the sufficiency of the evidence to support the allegations of the petition, and to support the finding and judgment of the trial court. An examination of the record discloses that the sufficiency of the petition was not challenged by either motion or demurrer. Upon the announcement of rest by the plaintiff, the defendants separately demurred to the evidence, which demurrers were overruled and exceptions allowed. Upon the announcement of rest by both plaintiff and defendants, the defendants moved for judgment, and the motion was overruled and exception allowed.

We have examined the evidence offered by plaintiff, for the purpose of determining whether or not, as a matter of law, there was any competent evidence adduced by the plaintiff in support of the allegations of his petition, and which would support a finding and judgment in his favor. The allegations of the petition are to the effect that, as a broker employed by the defendants to procure oil and gas leases for them, plaintiff put the defendants in touch with holders of leases which the defendants bought to the amount of something more than 1,500 acres, and that the services rendered entitled him to a commission of $1 per acre, or a total of $1,500. The evidence on the part of the plaintiff tends to show that as agent for the defendants he found a block of leases which could be bought, in a section of the country where the defendants desired leases, and brought the defendants and the leaseholders together at considerable trouble, time, and expense to himself, and defendants bought more than 1,500 acres of the leases through his efforts, although he did not render the actual service of closing up the leases with the landowners; that defendants refuse to compensate plaintiff; and the evidence offered tended to show that a reasonable commission for the services rendered is the sum of $1,500. We find that the plaintiff's evidence reasonably supports his petition, the sufficiency of which is not challenged.

In Bohnefeld v. Wahl et al., 97 Okla. 48, 215 Pac. 777, this court quoted approvingly from Treece y. Shoemaker, 80 Okla. 235, 195 Pac. 766, as follows:

"'A broker employed to secure a lease is entitled to his commission if during the continuance of his agency he is the efficient or procuring cause of the execution of the lease, though the actual agreement for the lease is made by the principal with the owner of the land; and the broker will be regarded the procuring efficient cause if his efforts are the foundation upon which the

negotiations resulting in the execution of the lease are begun.'"

In Fitch v. Braddock et al., 93 Okla. 78, 219 Pac. 703, this court held that:

"Where a broker is employed to secure a purchaser for certain property at a given price net to the seller, and said broker finds a purchaser, who, after obtaining the name of the owner of the property and its location from the broker, goes and examines the property and decides to buy it, but goes to the owner and closes the deal, the broker is entitled to his commission on the theory that he was the procuring cause of making the sale."

The same rule applies where the broker is the agent of the prospective purchaser and finds property desired by his principal and furnishes the information to his principal on which the principal acts, although the agent is not actually active in closing the deal. There is no question but that the evidence adduced by the opposing parties was strongly conflicting. But, in a law case this court is not authorized to weigh the evidence for the purpose of determining the relative weight of the evidence adduced by the opposing parties. The court, sitting as a jury, resolved the conflict in favor of the plaintiff; and this court is as much bound by such finding as it would be by the verdict of a jury. The sufficiency of the plaintiff's petition was unchallenged. The evidence adduced by the plaintiff reasonably supports the allegations of his petition and is sufficient to support the findings and judgment in his favor. That being so, this court is not authorized to disregard the findings and judgment of the trial court because of the alleged insufficiency of the plaintiff's evidence.

It was held in Downey v. Broesamle, 91 Okla. 81, 215 Pac. 1055, that:

"The witnesses were before the court sitting as a jury in the trial; he heard their testimony and had a better opportunity to determine the truthfulness of their statements than we could have under any circumstances. * * * The court resolved the matter in favor of the plaintiffs, and his finding on the disputed question of fact will not be disturbed here."

We have examined the entire record, and are of the opinion that the cause was fairly tried and the record supports the finding and judgment.

We recommend that the judgment be affirmed.

The defendant in error, in his brief, moves for judgment on the supersedeas bond. The judgment in plaintiff's favor was rendered on the 28th of November, 1923, for the sum of $1,500, with interest at 6 per cent. per annum from the date of the judgment. The defendants superseded the judgment by filing a supersedeas bond in the sum of $3,000 with E. J. Brennan, E. R. Perry, and J. F. Darby as sureties thereon; and the bond was approved and execution stayed pending appeal. The plaintiff is now entitled to judgment against the sureties on the supersedeas bond.

It is, therefore, hereby considered, ordered, and adjudged that W. T. Maxey, defendant in error, plaintiff in the trial court, do have and recover of and from E. J. Brennan, E. R. Perry and J. F. Darby, sureties on the supersedeas bond, the sum of $1,500, with interest at the rate of 6 per cent. per annum from and after the 28th day of November, 1923, together with all costs of trial and appeal; for all of which let execution issue.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879; (2) 9 C. J. p. 619.