COMMONWEALTH REALTY COMPANY, Plaintiff, vs. FRED MILLER BREWING COMPANY and others, Defendants: Cox, Receiver, Appellant, vs. FRED MILLER BREWING COMPANY, Respondent.

*February 9—March 8, 1927.*

*Landlord and tenant: Breach by use of premises contrary to Volstead Act: Waiver of right to declare forfeiture.*

Assuming that a lease between F., who was the lessee of an entire building, and a subtenant, I., was breached by the action of D., another subtenant of part of the building, in violating the provisions of the national Prohibition Act, I., who had notice of such illegal conduct of D., by continuing its occupancy and paying its rent in accordance with the lease after D. had removed from the premises waived its right to declare a forfeiture of its lease with F.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.    *Affirmed.*

Forfeiture of lease.    No bill of exceptions was settled in this case, and the only question raised is whether or not the findings of fact support the judgment.    It is not necessary to set out the findings in order to indicate the question presented for decision.

The plaintiff Commonwealth Realty Company was the owner of certain premises in the city of Milwaukee known as the Caswell Block. The defendant *Fred Miller Brewing Company* held by lease from predecessors in title of the plaintiff a part of the building. The *Fred Miller Brewing Company* sublet a part of the premises to the International Baking Company and also sublet a part of the premises to one DeSteffen to be used for restaurant purposes. While occupying the premises under his lease and prior to February 24, 1921, DeSteffen was guilty of the sale of illicit, intoxicating liquor upon the premises. The International Baking Company had knowledge of such illegal sales and the court found that the *Fred Miller Brewing Company* had no such knowledge. The *Fred Miller Brewing Company* immediately served notice terminating the lease of DeSteffen and set on foot an investigation as to his having made illegal sales of intoxicating liquor. On March 12, 1921, DeSteffen abandoned the premises and removed therefrom. June 30, 1921, the International Baking Company vacated the premises it held under its lease. The plaintiff began this action to enforce a forfeiture of the lease to the *Fred Miller Brewing Company*. Upon cross-complaint the *Fred Miller Brewing Company* sought to recover of the International Baking Company damages on account of the breach of covenants of the lease under which the International Baking Company held. Upon cross-complaint the International Baking Company sought to have the lease from the owners to the *Fred Miller Brewing Company* declared forfeited by reason of the illegal acts of DeSteffen. By stipulation the complaint was dismissed upon the merits as to the Commonwealth Realty Company. Upon the trial the court found in favor of the *Fred Miller Brewing Company* and damages were fixed at $16,856.94. Upon the cross-complaint of the International Baking Company the court found against the International Baking Company and dismissed the International Baking

Company's cross-complaint against the *Fred Miller Brewing Company*. Judgment was entered accordingly, and from the judgment *W. M. Cox,* receiver for the International Baking Company, appeals.

The cause was submitted for the appellant receiver on the brief of *Harry V. Meissner* and *Hoyt, Bender, McIntyre & Hoyt,* all of Milwaukee, and for the respondent *Fred Miller Brewing Company* on that of *A. W. Schutz* of Milwaukee.

ROSENBERRY, J.    The principal question raised and the one decisive of the case is as to whether or not the misconduct of the subtenant, DeSteffen, forfeited the lease of the plaintiff to the *Fred Miller Brewing Company* and as a necessary consequence its lease to the International Baking Company.    It is contended by the defendant *Cox* that such forfeiture resulted, and the following cases were cited in support of the claim: *Shaw v. McCarty,* 59 How. Pr. 487; *Shepard v. Dye,* 137 Wash. 180, 242 Pac. 381; *Vincent v. National Drug Stores, Inc.* (Pa.) 3 Fed. (2d) 504.

It is also claimed that under the provision of the prohibition act (41 U. S. Stats. at Large, 305, ch. 85) which is as follows: "Any violation of this title upon any leased premises by the lessee or occupant thereof shall, at the option of the lessor, work a forfeiture of the lease," a forfeiture arose, and that by reason thereof the International Baking Company was discharged from further liability for rent. 'Upon the facts as found we do not find it necessary to determine these questions.    It appears from the findings that the International Baking Company had notice of the illegal conduct of the tenant, DeSteffen; that the *Fred Miller Brewing Company* did not have such knowledge prior to February 24, 1921.    Thereafter the International Baking Company continued to occupy the premises and to pay the rent down to the 30th day of June, 1921.    Assuming, but not deciding, that a right of forfeiture arose, by the continued occupancy

of the premises and payment of the rent in accordance with the terms of the lease the International Baking Company waived its right to declare a forfeiture. The nuisance did not continue, DeSteffen removed from the premises on March 15th, and with full knowledge of all the facts the International Baking Company chose to continue the relation of landlord and tenant. While we find no case in point, we see no reason why acts which are held to amount to a waiver of forfeiture by a landlord do not have the same legal consequences as to the tenant when a forfeiture is claimed by him. It has been so held when there was such a breach of a covenant by the landlord as would amount to an eviction of the tenant. *Toy v. Olinger,* 173 Wis. 277, 181 N. W. 295. See 36 Corp. Jur. 264, note 73.

Other questions raised not being necessary to a disposition of this case, we refrain from expressing any opinion thereon.

*By the Court.*—Judgment affirmed.