## McCULLOUGH v. SIMPSON.

No. 25045.   July 2, 1935.

Hirsh & Hirsh and J. E. Tipton, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendant in error.

PER CURIAM. In the opinion, the parties in this case will be referred to as they appeared in the court below. The action was instituted in the district court of Oklahoma county, to recover possession of an automobile from the defendant; the case was fully and completely tried to the trial court without the intervention of a jury, and a judgment rendered in favor of the plaintiff.

The record shows that on or about the 7th day of September, 1932, John McCullough bought from O. L. Simpson an automobile, and that on the date of the delivery of the car to the defendant, defendant executed and delivered to the plaintiff a chattel mortgage on said car, and as a part and parcel of the same transaction executed and delivered to the plaintiff in this case an assignment of an $800 interest in a certain judgment that he, the said John McCullough, held against the Standard Oil & Refining Company, a corporation, of Oklahoma City, Okla., which was then and had been for some time prior thereto in the hands of a receiver, and that said assignment of the $800 interest in said judgment was presented to and approved by the receiver.

This cause of action was fully and completely tried to the judge of the district court, and after hearing all of the evidence offered on behalf of the plaintiff and the defendant, and the argument of counsel, that court found:

"* * * All the transactions took place the same day; dated the same day. The testimony of McCullough is that it was the same day, and I am satisfied that Mr. McCullough thought and intended and believed that this $800 would come out of this judgment;

that there would be sufficient funds in the hands of the receiver within 90 days to pay for the car that way. For some reason or other the funds evidently have not come into the hands of the receiver; therefore, the car hasn't been paid for. The 90 days expired.

"The note and mortgage declared and the plaintiff has under the terms of the chattel mortgage brought proper action for foreclosure. The note and mortgage remained in the hands of the plaintiff ever since the 7th day of September, 1932. There is no testimony on the part of anybody that any demand has been made for the return of the note and mortgage. He let it remain in his hands.

"So far as the terms of the assignment are concerned, suggestion being made that nothing is said about the chattel mortgage. That is the way a good lawyer would draw it up, and say nothing about it. Because if any mention was made in here, it would be necessary to put the car in the hands of the receiver. If so, Mr. Simpson would have to take this to the receiver and get his money. If drawn in the method suggested you couldn't have done that. And the chattel mortgage having been drawn up on a form, there is no reason for mentioning the assignment in the mortgage.

"The delivery of the assignment with the note and mortgage—that is just conclusive on this proposition, is all—both dated together, as one transaction, seems to me places the matter beyond chance for a dispute.

"It is the judgment of the court that the plaintiff have possession of the property sued for; that the value of his special interest in said property is—whatever that note computes—$800, with interest thereon after maturity at the rate of ten per cent., until paid; that is, from December 7, 1932."

We find no fault with the decision of the district court. It is now, and has been for a great many years, the universal rule of this court that when a lawsuit is fairly and impartially tried by the judge, without a jury, this court will not weigh and determine the evidence, and will not substitute its judgment for that of the trial judge.

And it is further the universal rule of this court that, where the facts have been submitted to the court and the court has made a determination thereof, the judgment of the court has the same force and effect and the same weight as a verdict of a jury.

This court held in the case of Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 P. 419:

"Where there is any evidence reasonably

tending to support the finding of a court sitting without a jury, this court will not weigh the evidence to determine where the preponderance lies, nor disturb the finding so made."

In the case of Rochester Brewing Co. v. State, 26 Okla. 309, 109 P. 298, this court held:

"Where there is a trial by the court without the intervention of a jury, with a general finding in favor of the defendant in error, there being some competent evidence reasonably tending to support such finding, the same will be conclusive on review in this court."

In the case of Sango v. Parks, 44 Okla. 223, 143 P. 1158, this court held:

"Where a cause is tried to the court without the aid of a jury, the court's finding of fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tending to support it."

In the case of Theodore Maxfield Co. v. Andrus, 56 Okla. 247, 155 P. 1163, this court held:

"Where a case is tried by the court without the intervention of a jury, upon controverted questions of facts, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence.

"Where the testimony is partly oral and conflicting and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

There are many other authorities holding exactly the same rule of law, which we deem unnecessary to quote.

The defendant complains and says that this case should be reversed for the reason that it is a law case and that the judgment of the court was not complete and did not adjudicate all matters in controversy in the case, for the reason that if possession of the car be delivered to the plaintiff in this case, plaintiff would have a mortgage on the car and also an assignment of an $800 interest in the judgment above mentioneed.

We do not follow the reasoning of counsel on this question, for the reason that the plaintiff in this case would be entitled to recover only the amount of money due him for the purchase price of said car, which the court found was $800, together with interest. That can be paid to the plaintiff by the defendant in cash or by the sale of any of this property, and when the plaintiff has recovered the amount of money due him, all the collateral in the hands of the plaintiff would necessarily, under the law, be returned to the defendant.

It, therefore, follows that the judgment of the court should be in all things affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys W. A. Chase, Grover C. Spillers, and Chas. A. Steele in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Chase, and approved by Mr. Spillers and Mr. Steele, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.