## FIRST STATE BANK OF NOBLE v. McKIDDY.

No. 34252. Jan. 15, 1952.

Rehearing Denied Feb. 19, 1952.

*240 P. 2d 1103.*

Hardin Ballard, Purcell, for plaintiff in error.

Ben Huey, Norman, for defendant in error.

GIBSON, J. The parties will be referred to as they appeared in the trial court. Defendant in error was plaintiff.

In December, 1946, defendant Margaret E. Fowler purchased from the plaintiff two small tracts of land in Cleveland county. One tract was in sec. 28, twp. 8 N., R 3 W., and the other was in sec. 27 of the same township. At the time of the purchase he borrowed a major part of the purchase price from defendant bank and executed a mortgage covering both tracts. Lacking $750 of having sufficient funds for the purchase she executed a note with real estate mortgage, as security, covering the property in sec. 27, naming plaintiff as mortgagee. Thereafter she sold the land in sec. 28 and at a later date she sold the property in sec. 27 to D. H. Brown, who is named as a defendant. This conveyance was by quitclaim deed. Brown paid her $100 in cash. All instruments, with the exception of the deed, were drawn by Carl Sandel, who was cashier of the bank. Plaintiff left his note, mortgage and abstract with the bank. The bank was to collect the note. Some time later Sandel told plaintiff that he had recorded the mortgage, and that the fees amounted to $1.25, which plaintiff paid. The mortgagor paid the sum of $100 to the Bank, and credit was endorsed on the note, and that sum was deposited to plaintiff's account in the bank, plaintiff being its customer.

Following the sale of the second tract plaintiff discovered that his mortgage for $750 had never been recorded. There

being a default plaintiff filed this action against Margaret E. Fowler, D. H. Brown and the bank. He prayed judgment for the balance due of $650 with interest and foreclosure of his mortgage as against Mrs. Fowler and Brown, alleging that Brown had made the purchase with knowledge of the existence of the mortgage and that he had agreed with the seller that he would pay this balance and retire the mortgage. In the alternative plaintiff said that if it should be found that the real estate was not subject to the mortgage he then prayed judgment against the bank for the balance due. Plaintiff alleged that the bank had merged plaintiff's mortgage with the mortgage held by the bank by including the land in sec. 27 and had thereafter executed a release without his knowledge, causing plaintiff to lose his security.

Brown filed an answer alleging that he was an innocent purchaser for value, without notice of plaintiff's mortgage. He further alleged that when he acquired the property he knew that it was encumbered by a mortgage but that Mrs. Fowler had paid the mortgage, which was held by the bank and the same had been released. It was his contention that he paid Mrs. Fowler the purchase price of $100.

Carl Sandel, the cashier, died before the case was tried.

On December 17, 1948, the case was called for trial. The record shows that all parties appeared. At the conclusion of that hearing defendant Brown interposed a demurrer to plaintiff's evidence, which was sustained. It appears that plaintiff did not save an exception.

The bank then offered a demurrer to the evidence, which was overruled and an exception allowed. The bank offered certain evidence and then, at its urgent request, the cause was continued to December 23, 1948. On that date the bank was given permission to file its answer without prejudice to trial. Therein the bank denied the merger of plaintiff's mortgage with any

mortgage owned by it; pleads that if defendant delivered the mortgage to any officer or employee of the bank the retention thereof was beyond the corporate powers of defendant and ultra vires; and that receipt by any officer or employee was beyond the scope of employment of such persons, and pleads that Brown was not an innocent purchaser.

Judgment was rendered for plaintiff against Margaret E. Fowler, who was in default, and against the bank for the sum of $650 with interest and costs. The trial court found that the allegations of the plaintiff's petition were generally true; that the bank had prepared the note and mortgage, as alleged, for ample consideration, in its regular course of business; that bank had retained the note for collection and had collected one payment thereon; that bank had retained the mortgage for recording for plaintiff and plaintiff had paid bank the recording fee; that bank failed to record the mortgage but represented to plaintiff that it had recorded the same; that bank had included the property covered by plaintiff's mortgage in a mortgage owned by the bank and recorded the same and had later released the mortgage without plaintiff's knowledge or consent, and that by reason of said acts plaintiff lost the security of his mortgage. The trial court held that the acts of the bank constituted a tort and amounted to a conversion of plaintiff's mortgage, and plaintiff was entitled to judgment. From that judgment, the bank appeals.

In its brief the bank often refers to Carl Sandel as an employee of the bank. He was more than a mere employee. He was cashier, and a cashier of a bank has a greater inherent power than any other bank officer. His powers generally are those of a general manager of the corporation in dealing with the public. 9 C.J.S. p. 452.

The bank says that the court erred in excluding evidence offered by the bank showing that the subsequent pur-

chaser Brown was not an innocent purchaser. In its brief the bank admits that if Brown was an innocent purchaser then plaintiff's mortgage would not be a lien upon the real estate and that in such event plaintiff was entitled to an alternative judgment against the bank. It is admitted that plaintiff's mortgage was not recorded when Brown purchased the property and that plaintiff had left it with the bank cashier to be recorded, and that this representative of the bank failed to record it. But it is said that if Brown was not an innocent purchaser then the plaintiff's mortgage stood as a lien on the property and the bank's failure to record the same would not have prejudiced the plaintiff.

The bank sought, over plaintiff's sustained objections, to introduce evidence tending to show that Brown was not a bona fide purchaser, without notice. On the sustaining of each objection the bank dictated into the record an offer of proof. The case was tried to the court without a jury. Thus the court was advised as to what bank's offered testimony would be.

Much of the testimony towards which their offers of proof were made was testimony by Mrs. Fowler, the seller. She had testified at the earlier trial and the court observed that the new offer was in direct conflict with the testimony given by the witness at the former hearing. The trial court announced that he did not wish to file a perjury charge against the witness and that he was going to protect her by refusing to permit testimony of the character offered. We are of the opinion that if such testimony had been admitted it would have served to affect her credibility. Being advised of its content the court still could have disregarded the same which he apparently did in the rendition of his judgment.

This case was tried to the court who was able to weigh the evidence and disregard incompetent or incredible testimony, and it is presumed that he decided the case on competent and credible evidence. Lee v. Pierce, 112 Okla. 212, 239 P. 989.

The admissibility of the proffered evidence was within the sound discretion of the trial court, and his rulings will not be disturbed here unless there was a clear abuse of discretion. We find no error in the court's rulings on the offers of proof.

The bank next says that the judgment was not sustained by the evidence and is contrary to law. It is said in this argument that there was no evidence whatever to support the trial court's judgment.

"Where an appeal is prosecuted from the judgment of the trial court in a jury case tried to the court without a jury, the Supreme Court is not required to examine and weigh the evidence for the purpose of determining whether or not the findings and judgment are supported by the weight of the evidence or otherwise; but will examine the evidence for the purpose of determining whether or not, as a matter of law, there is any competent evidence in the record, reasonably supporting the findings and judgment of the trial court; and where it is found that there is competent evidence in the record, reasonably supporting the findings and judgment of the trial court, the judgment appealed from will not be disturbed on appeal because of alleged insufficiency of the evidence." Simmons v. Maxey, 106 Okla. 252, 233 P. 669.

This same rule is announced in Retail Merchants Ass'n v. Peterman, 186 Okla. 560, 99 P. 2d 130, cited by the bank, and we therein also said that where there is no evidence to support the finding the judgment will be reversed.

We have reviewed all of the evidence in this case, and we cannot agree with the contention that there was no evidence to support the judgment.

There is undisputed evidence that the cashier of the bank handled the transactions between plaintiff and the other parties; that he drafted all instruments

involved including plaintiff's mortgage; that all transactions were had in the bank and that payments made on the note were deposited in the bank to the credit of plaintiff, giving to the bank the benefit of such deposits.

It is undisputed that the note was left in the bank for collection and the mortgage was left for recordation. It is undisputed that the cashier represented to plaintiff that the mortgage had been recorded, when in fact it had not. It is self-evident that if the mortgage had been recorded the plaintiff would have been protected in his security as against the subsequent purchaser, Brown. The evidence is in conflict as to whether plaintiff's security was merged in the bank's mortgage by the addition of the land description in sec. 27. The original mortgage is not before us but it was before the trial court. During the trial its appearance was in question as to whether it had been written at one time or had been removed from the typewriter and later inserted for the added description of plaintiff's security.

In Simmons v. Maxey, supra, we quoted the following language from Downey v. Broesamle, 91 Okla. 81, 215 P. 1055:

"The witnesses were before the court sitting as a jury in the trial; he heard their testimony and had a better opportunity to determine the truthfulness of their statements than we could have under any circumstances. . . . The court resolved the matter in favor of the plaintiffs, and his finding on the disputed question of fact will not be disturbed here."

Finally, the bank says that the court erred in assessing the amount of plaintiff's recovery. The argument is predicated on the theory that the relationship between plaintiff and bank with respect to plaintiff's mortgage was that of bailor and bailee and that the bank was a gratuitous bailee under Tit. 15 O. S. 1941 §461, and it is suggested that plaintiff had an out-of pocket expense of $1.25. Plaintiff says that if it was a bailment, section 460, Id., fixing liability of a bailee for negligence at the value of the thing bailed, controls. The trial court was of the opinion that the action was one grounded in tort. The court's view was correct. The cashier of the bank received plaintiff's property, the mortgage, and thereafter while it was still in the bank's possession he represented that it had been recorded. Lulled into a sense of security the plaintiff did nothing further until he had lost his collateral of a mortgage lien.

Where a bank which has undertaken the collection of a bill or note has been guilty of negligence in the performance of its duties, the damages which the depositor is entitled to recover are measured by the actual loss occasioned by the improper conduct of the bank.

"The measure of damages which a principal is entitled to recover of a collecting bank which has been negligent is the actual loss which he has suffered, which prima facie is the amount of the claim which has been placed with said bank for collection, if there is a reasonable probability that the entire debt would have been collected except for the bank's negligence, and the burden is on the defendant to reduce it." St. Louis Carbonating & Mfg. Co. v. Lookeba State Bank, 35 Okla. 434, 130 P. 280.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON. and O'-NEAL, JJ., concur.