BRISTOL COMPANY, a corporation,
Plaintiff in Error,

v.

GENERAL OUTDOOR ADVERTISING
COMPANY, Inc., Defendant in Error.

No. 39088.

Supreme Court of Oklahoma.

May 23, 1961.

Rehearing Denied June 27, 1961.

Suits & Weiss, Fred E. Suits, Mary L. Weiss, Oklahoma City, for plaintiff in error.

Dudley, Dudley & Dudley, by Paul Dudley, Jim Barnett, Oklahoma City, for defendant in error.

HALLEY, Justice.

The position of the parties is the same here as in the trial court and will be referred to as there or by name.

The plaintiff owned seventy-five feet of ground at the northeast corner of Broadway and Second Streets in Oklahoma City, the legal description of which was Lots 1, 2 and 3, Block 9, Original Plat of Oklahoma City. The lots faced west and went to the alley on the east. A brick building had been removed from this land and the space improved for a parking lot.

The parties to this action entered into a very comprehensive lease agreement on February 18, 1958, whereby the defendant obtained the right to erect outdoor signs on these lots. We set out parts of the terms of this lease:

"The Lessor does hereby lease and demise to the Lessee, the entire plot or premises described as the Northeast corner of N. W. 2d and N. Broadway— (Space for two (2) signs facing South on the north edge of property, and on the alley side of property a double-faced structure with two (2) signs facing west and two (2) signs facing East. Over-all size of each sign to be 12′ x 25′ and bottom of signs to be elevated so that parked cars, etc. will not destroy visibility of these signs)

in the City of Oklahoma City, Oklahoma, for the term of six (6) years beginning on the 1st day of March, 1958, and ending on the 1st day of March, 1964, at the yearly rental of One Thousand Two Hundred Sixty Dollars and no/100 ($1,260.00) payable in equal monthly installments of $105.-00 each."

The defendant was unable to sell the advertising space which this property would provide. However, the rent was paid from the date of the lease until September 1, 1959. Rent for the months of November and December, 1958, was waived by the plaintiff. Plaintiff sought judgment for $5,670.

The defendant gave the plaintiff notice on August 4, 1959, that it was cancelling the lease under paragraph 3, Clause C, thereof which is:

"If at any time * * * or (c) the value of the said location for advertising purposes shall be or become diminished; * * * this lease shall terminate on fifteen (15) days' notice in writing to the Lessor, by registered mail addressed to him at his address below, * * * *"

Proper notice of the termination of the lease was given by the defendant.

The plaintiff contended that defendant desired to cancel the lease because it did not want to put up signs that would compete with signs erected on the lot immediately north of its property and not because their property had diminished in value for advertising purposes.

A jury was waived and the case tried to the court which entered judgment for the defendant.

Although the plaintiff urges that the defendant was not in good faith in cancelling the lease we do not think that question is material in light of the record in this case.

■ The sole question here as we see it is whether the value of this location at Second and Broadway for advertising purposes had diminished. To us there is no question but that the evidence shows that it has gone down in such value. Two experienced outdoor advertising men testified it had. The plaintiff offered no evidence that it had not. A study of the defendant's exhibits in the form of photographs demonstrates to us that the erection of the extremely large and colorful sign on the lot immediately north of plaintiff's property did make the leased premises less desirable for advertising purposes and did diminish its value.

■ This being a case of legal cognizance if there was any competent evidence reasonably supporting the judgment of the trial court, affirmance must follow. See First State Bank of Noble v. McKiddy, 206 Okl. 57, 240 P.2d 1103.

The defendant's right to cancel the lease in question is clearly established and the trial court's judgment in the matter is affirmed.