Charles A. YOACHUM, doing business as
Chuck's 66 Service Station,
Plaintiff in Error,

v.

L. C. JONES, Defendant in Error.

No. 39394.

Supreme Court of Oklahoma.

June 12, 1962.

As Amended July 2, 1962.

Rehearing Denied July 3, 1962.

Frank M. Bookstore, Oklahoma City, for plaintiff in error.

Sam S. Gill, Oklahoma City, for defendant in error.

PER CURIAM.

Plaintiff, L. C. Jones, filed his action for damages based on negligent servicing of his automobile by defendant, Charles S. Yoachum, doing business as Chuck's 66 Service Station. Following a jury-waived trial, the court entered judgment for plaintiff. Defendant appeals from the order overruling his motion for new trial.

Although defendant divided his brief into four propositions, each separate proposition amounts to a contention that there is not sufficient evidence to sustain the trial court's judgment.

 It is well established that in a jury-waived civil law action a judgment will not be disturbed on appeal, in the absence of legal errors, if there is any competent evidence reasonably tending to support the trial court's findings and judgment. Bristol Company v. General Outdoor Advertising Company, Okl., 363 P.2d 237.

In the instant case the evidence showed that plaintiff's automobile was taken by defendant who was to wash and grease it, flush the radiator and service the car generally. On the day the automobile was returned to plaintiff, plaintiff's wife drove it for several miles during which it began making unusual noises and finally stopped. A mechanic employed by plaintiff examined the automobile and testified that one of the water hoses was broken which had allowed the water to escape from the engine. When asked to describe the broken hose, plaintiff testified:

"Just like you get hold of this thing here, get hold and pull it. It had been pulled off. Somebody got hold of it pulling themselves under the car or did something to it when they changed the oil down there; no question about it."

One witness, an automobile repairman, stated that the engine had overheated causing the damage.

After defendant's demurrer to the evidence was overruled, he testified that he personally serviced the car. He stated that he did not touch the hose during servicing and that it could not have been damaged during servicing.

■■ This case is very similar to Dumas v. Wagoner, Okl., 304 P.2d 991, in which the plaintiffs employed defendant to inspect and clean a fuel oil furnace in their home. Thereafter the home sustained smoke and soot damage which was found to be caused by a disconnected flue joint. Defendant testified that he had not disturbed in anywise the section of flue which had caused the damage. What we said in that case is applicable here:

"* * * While the evidence was to some extent circumstantial it was nevertheless sufficient to establish a reasonable inference that defendant had failed to properly replace or connect the flue pipe after removing the fire box and disturbing the connection. Such inference may be drawn from circumstantial evidence. A reasonable infer-

ence which may be drawn from circumstantial evidence is itself proof and does not fade away in the light of positive proof to the contrary. Great Lakes Pipe Line Co. v. Smith, Okl., 271 P.2d 1112; Mazda Oil Corp. v. Gauley, Okl., 290 P.2d 143.

"The evidence being sufficient to support the verdict and judgment, there was no error."

In the instant case there was sufficient evidence to support the trial court's judgment.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.