James D. ANTONIO, d/b/a Lafayette Cafe,
Plaintiff in Error,

v.

GENERAL OUTDOOR ADVERTISING CO.,
Inc., a Corporation, Defendant in Error.

No. 40701.

Supreme Court of Oklahoma.

April 26, 1966.

Lampkin, Wolfe & Blankenship, by Raymond Burger, Oklahoma City, for plaintiff in error.

McAfee, Dudley, Taft, Cates, Kuntz & Mark, by Paul Dudley and James Barnett, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

There is involved here an action to recover damages for trespass to real estate. Parties will be referred to as they appeared, in the trial court.

The greater portion of the facts are undisputed. The undisputed facts are as follows: Sol Kamenesky, Inc., hereinafter referred to as "Kamenesky", is the fee owner of real property legally described as Lots 1, 2, 3, 4 and 5, Block 68, Original Townsite of Oklahoma City, Oklahoma.

On June 18, 1952, Kamenesky by ground lease with the defendant General Outdoor Advertising Co., hereinafter referred to as "General", leased space to General along the west side of said property for the erection of poster advertising panels commonly referred to as "signs". General erected the signs on a strip of land approximately two feet wide along the west boundary line of said property. The signs have remained continuously in their original location since the date of their erection and during the time of the matters involved herein. The original lease between Kamenesky and General has been renewed and extended by various instruments during the years involved herein. No changes were made in the terms of the leases with the exception of increasing the annual rental from $100.00 to $150.00. General has paid annual rentals provided for in the leases to Kamenesky. The leases and other agreements were not recorded in the office of the County Clerk of Oklahoma County.

On January 1, 1954, Kamenesky leased the described real estate to the plaintiff James D. Antonio for a period of ten years at a monthly rental of $100.00 per month for the first five years and a monthly rental of $125.00 per month during the remaining five years. The lease provided that Antonio would remove the building then on the premises and erect a new building. Other agreements not material to the present litigation were included in the lease. No reference was made in the lease to the prior lease or commitment of Kamenesky with General and no reference was made to the existing signs. The lease was recorded in the office of the County Clerk of Oklahoma County. Antonio entered the premises, built a building and started a restaurant which he has operated continuously since said time.

Antonio admitted that the signs were visible and he observed them as soon as he commenced occupancy of the premises. He testified that he knew the signs were there but did not know they were on his premises until about 1959 when a survey was made of the property; that he did not discuss the signs with Kamenesky at the time their lease was executed.

Sol Kamenesky testified that the signs of General were on the premises at the time he negotiated the lease with Antonio; that he discussed with Antonio the lease he had with General and Antonio said that the

revenue from the lease on the signs with General would be Kamenesky's; that on several occasions he discussed with Antonio the nature of the advertising displayed on the sign boards.

■ Plaintiff contends the judgment of the trial court is not sustained by the evidence. In a case of legal cognizance tried to the court, it is not the province of this Court to weigh the evidence to determine on which side the evidence preponderates. First State Bank of Noble v. McKiddy, 206 Okl. 57, 240 P.2d 1103; McCullough v. Simpson, 173 Okl. 290, 48 P.2d 276. The decision of the trial court will not be disturbed if there is any competent evidence to sustain it. Groendyke Transport, Inc. v. Merchant, Okl., 380 P.2d 682; D.W.L., Inc. v. Goodner-Van Engineering Co., Okl., 373 P.2d 38; Monarch Ins. Co. of Ohio v. Rippy, Okl., 369 P.2d 622.

There is competent evidence to sustain the decision of the trial court, and it is not contrary to the evidence.

■■ Plaintiff contends that the judgment of the trial court is contrary to law.

In 51 C.J.S. Landlord and Tenant § 356, p. 1049, the author says:

"In the absence of a covenant or an agreement to the contrary, the lessee takes the leased property subject to all servitudes or other encumbrances resting on it at the time of the lease."

A lessee takes the property as he finds it. The signs were already on the premises at the time the plaintiff and Kamenesky executed their lease. The signs were observable to anyone entering the premises. Plaintiff admits that he saw the signs and observed their location when he entered the premises. He made no objections to their being on the property. He remained silent for more than six years. During this period of time General paid Kamenesky the annual rentals in accordance with the license agreement.

■ Acquiescence over a period of years in the payment of money to another will estop the party remaining silent for such period from claiming a portion of said money. In Canning v. Bennett, 206 Okl. 675, 245 P.2d 1149, this Court said:

"Acquiescence for period of more than five years in payment to another of dividends on beneficial share of trust estate would estop party remaining silent for such period from asserting claim of interest in such beneficial share."

In Meixner v. Buecksler, 216 Minn. 586, 13 N.W.2d 754, the court said:

"Trespass is not committed if there is permission or consent to do acts complained of, which consent may be implied from circumstances."

■ Defendant lawfully entered the premises pursuant to a legal license secured from the owner of the premises and erected its signs. As the entrance was legal, no trespass occurred. In 87 C.J.S. Trespass § 49, p. 1003, the rule is stated:

"Consent or a valid license from the owner of land is a good defense to an action of trespass for acts within the scope of the license * * *."

In 53 C.J.S. Licenses § 80, p. 807, it is stated:

"No formal language is necessary to create a license as long as the proper intent appears, and in the absence of statute it may be created by parol."

In Gedekoh v. Peoples Natural Gas Co., 183 Pa.Super 511, 133 A.2d 283, the Court said:

"A right of entry constitutes an absolute defense to action in trespass."

■ In Durell v. Freese, 151 Okl. 150, 3 P.2d 175, the trial court issued a permanent injunction restraining the defendant from interfering with certain equipment placed on the premises under a lease and license from the former owner of the land. The defendant had full knowledge of all the facts and circumstances connected with the granting of the license to the plaintiff prior to his purchase of the land. In affirming the trial court, this Court said:

"A license may become an agreement for a valuable consideration, and, where a

subsequent purchaser has knowledge of all the facts and circumstances surrounding the granting of the original license prior to the purchase of said land, he may become bound thereby."

In the case of Levy v. Louisville Gunning System, 121 Ky. 510, 89 S.W. 528, 1 L.R.A., N.S., 359, the facts are quite similar to those presented herein. The owner of a building in Louisville, Kentucky leased one wall of the building for the display of advertising signs. At that time the building was vacant. Later the owner leased the building to a certain party who in turn sublet the property to the plaintiff. No mention was made in the lease of the prior lease the owner had made with the defendant to use one wall of the building for advertising purposes. Soon after entering the premises, plaintiff obliterated the sign the defendant had painted on the wall, and painted his own sign over it. Plaintiff sought an injunction restraining the defendant from further using the wall for advertising purposes. In affirming the decision of the trial court denying the injunction, the Kentucky court pointed out that the plaintiff knew that one wall of the building was being used by the defendant for advertising purposes at the time he leased the premises and therefore was not entitled to equitable relief. The Syllabus in the case reads:

"1. Where the owner of a building executed a written contract granting to defendant the right to use one of the walls thereof for advertising purposes for a specified consideration and for a definite period, and providing that, in case of an obstruction of the wall by other buildings, defendant should have an abatement of the rent, together with necessary access through and upon the premises, and warranting the title to the leasehold for the term mentioned, the contract, though regarded as a license, was not revocable at the will of the owner.

"2. Where the owner of a building let one of the walls to defendant by a written contract for a consideration for advertising purposes, and warranted the title to the leasehold for the term specified, defendant acquired a right in the property in the nature of an easement.

"3. Where the owner of a building executed a license for a term at a specified rent for the use of one of its walls for advertising purposes, such license was not revoked by the owner's execution of a lease of the building to plaintiff's assignor, which did not mention such license."

Another case involving similar principles is Toy v. Olinger, 173 Wis. 277, 181 N.W. 295, 20 A.L.R. 1366. The owner of a building leased a portion of it to the defendant for use in operating a moving picture theater. The owner operated a restaurant in another portion of the building and in connection therewith used the basement of the building to cut-up and store onions. Defendant contended that the odor of the onions permeated the theater portion of the building. He vacated the premises and refused to pay the rent due under the terms of the lease. The Court affirmed a judgment entered in trial court in favor of the plaintiff for the rents, and said:

"A tenant of a moving picture theater waives any right which might arise from the fact that the landlord permits odors of onions to escape into the theater from the basement, if the tenant could have discovered the condition before taking possession, and paid rent unqualifiedly for a considerable period after learning of it."

The judgment of the trial court is not contrary to law and is affirmed.

Affirmed.

DAVISON, BLACKBIRD, BERRY and HODGES, JJ., concur.

WILLIAMS, J., concurs in result.

JACKSON, V. C. J., and IRWIN and LAVENDER, JJ., dissent.