800 F.2d 223
 Leroy BUTLER, Louie Butler and Alvin Butler, Plaintiffs-Appellees,
v.
Richard POLLARD as Administrator of Estate of Olen Pollard,
deceased; James H. Mashburn, William (Sonny) Coffman, and
David Lundry as Administrator of the Estate of Bobby Lundry,
deceased, Defendants-Appellants.
Leroy BUTLER, Louie Butler, and Alvin Butler, Plaintiffs-Appellees,
v.
BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, STATE OF
OKLAHOMA, and Jess Price, Defendants-Appellants.
 Nos. 83-1917, 83-1954.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 21, 1986.
Rehearing Denied Oct. 21, 1986 in No. 83-1917.
 
 Lawrence A.G. Johnson and Belva M. Brooks, Tulsa, Okl., for defendants-appellants Pollard, Lundry, Coffman and Mashburn in Nos. 83-1917 and 83-1954.
 Don Shaw, Dist. Atty., Idabel, Okl., for defendants-appellants Board of County Com'rs of McCurtain County and Jess Price in No. 83-1954.
 Joe Stamper, of Stamper, Otis & Burrage, Antlers, Okl., for plaintiffs-appellees in Nos. 83-1917 and 83-1954.
 Before HOLLOWAY and McKAY, Circuit Judges, and KANE, District Judge.*
 McKAY, Circuit Judge.
 
 
 1
 This diversity case involves a ditch that was dug by agents of the county commission across lands presently owned by plaintiffs. The ditch effectively drained an accumulation of water located on the individual defendants' lands, and the draining increased the value of the drained land. At issue in the trial court was whether the digging of the ditch and the subsequent diversion of water over plaintiffs' lands constituted a trespass for which plaintiffs could recover damages and obtain an injunction. The specific factual issues to be decided in the trial were whether defendants' acts had diverted waters across plaintiffs' lands or increased the natural flow of waters over their property; whether the acts complained of by plaintiffs took place before plaintiffs acquired their interest in the land; whether the acts were done to benefit adjacent landowners or to serve a valid public purpose in protecting a county road; and whether any entry upon the land had been performed with the permission and license of the owners of the property.
 
 
 2
 The trial was bifurcated and the parties agreed that the district court would determine the equitable question of whether an injunction would be granted after a trial to the jury on the issue of damages. The trial to the jury resulted in a general verdict in favor of the individual defendants and against the county. Thereafter the district court, holding that it was not bound by the jury's verdict, determined the issues against the individual defendants and granted an injunction in favor of the plaintiffs, together with costs and attorney's fees. All defendants have appealed.
 
 
 3
 The issue in the defendant landowners' appeal is whether the district court was barred by the doctrine of estoppel from granting an injunction in favor of the plaintiffs when a jury had determined the issues in favor of the defendants. Issue preclusion or estoppel prevents the inconsistent determination of the same issues. Estoppel comes into play when an issue involved in a prior decision is the same issue involved in a subsequent action; the issue is actually decided in the first action after a full and fair opportunity for litigation; it was necessary to decide the issue in disposing of the first action; the later litigation is between the same parties; and the role of the issue in the second action was foreseeable in the first action. 18 Wright and Miller, Federal Practice and Procedure, Sec. 4416 at p. 137-38 (West 1981). When these conditions are met, issue preclusion is required. Issue preclusion not only promotes judicial efficiency and repose but also prevents the embarrassment resulting from inconsistent determinations of the same question. Heyman v. Kline, 456 F.2d 123, 130-31 (2d Cir.), cert. denied, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972).
 
 
 4
 Of course, when a trial court erroneously denies preclusion and makes findings inconsistent with the earlier findings, the embarrassment of inconsistent findings has already occurred. Preclusion is applied by the appellate courts in such circumstances, however, in order to serve the other purposes of preclusion and to prevent erosion of the doctrine. "The fact that the second case went to trial is itself of no consequence." Unger v. Consolidated Foods Corp., 693 F.2d 703, 705 (7th Cir.1982). The trial court proceeded under the view that the parties had stipulated away the preclusive effect of the jury's verdict. Appellees argue that the court was justified in so proceeding by reference to two agreements the defendants made. The first is the pretrial order which agreed that the equitable injunction issue would be decided by the judge. We do not believe the pretrial order is subject to the construction given it by the appellees. When legal and equitable claims are tried together, common questions of fact must be decided by the jury in order to preserve the integrity of the seventh amendment. Beacon Theatres v. Westover, 359 U.S. 500, 510-11, 79 S.Ct. 948, 956-57, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472-73, 82 S.Ct. 894, 896-97, 8 L.Ed.2d 44 (1962); Heyman 456 F.2d at 130. While the issuance of the injunction was properly reserved to the judge, as is routinely done in these cases, the pretrial order did not purport to reserve to the court the decision of facts necessarily determined by the jury.
 
 
 5
 Next appellees point to an agreement entered by defendants in order to obtain recusal of the judge who presided over the jury trial. Again we do not agree with appellees' interpretation of this agreement. The agreement does no more than acknowledge that the pretrial order reserved to the judge the equitable portion of the case and that the new judge could decide the case on the basis of the record without recourse to reproduction of evidence. Nothing in this agreement even hints that the defendants agreed to allow determination of the equitable issues in a manner inconsistent with the jury's verdict.
 
 
 6
 We need not decide whether and under what circumstances issue preclusion can be waived. See Heyman 456 F.2d at 131. We must therefore determine whether the general jury verdict was preclusive of the issue in the injunction suit. If so, the district court's decision in the equitable portion of this trial must be reversed.
 
 
 7
 We find that issue preclusion is present in this case. By finding for the defendants in the general verdict, the jury, of necessity, concluded either that defendants did not enter upon plaintiffs' land and did not divert water across plaintiffs' land, or that defendants did so with plaintiffs' permission and license. In effect, the jury found that there was no trespass in this case.
 
 
 8
 Plaintiffs argue, citing Fairlawn Cemetery Association v. The First Presbyterian Church, 496 P.2d 1185 (Okla.1972), that the jury could have found for defendants on the statute of limitations issue only and therefore did not necessarily find no trespass. Plaintiffs argue, and the district court found, that the jury's verdict thus is not inconsistent with injunctive relief against continued diversion across plaintiffs' lands. This conclusion is flawed. The jury was instructed that if it found part of plaintiffs' claim to be barred by the statute of limitations it was still to determine whether, by diverting water over plaintiffs' land, defendants have continued to trespass and thus have caused damage to plaintiffs within the statutory period. By its general verdict, the jury of necessity found there was no continuing trespass. In addition, the jury found the county liable while finding for the individual defendants. Since the county and the individual defendants were being sued for the same act, the jury could not have concluded that the claim against the individuals was barred without also finding the statute of limitations to bar the claim against the county.
 
 
 9
 The jury was instructed that it could find the county liable without also imposing liability on the individual defendant Price only if it found that the actions were not designed to improve the individual defendants' land but rather were for the purpose of improving the county road. By finding against the county and for the individual defendant, the jury necessarily found that the actions were not for the purpose of improving defendants' land but only for the purpose of improving the county road and that the county was solely responsible for the actions. It would therefore be inconsistent with the jury's finding to conclude that defendants wrongfully diverted water over plaintiffs' land. Because this finding was a prerequisite to injunctive relief, the district court erred.
 
 
 10
 The county has appealed, claiming that the district court erred in failing to direct a verdict in its favor. The county asserts that the evidence so strongly shows that the ditch was dug prior to plaintiffs' ownership of the property that a reasonable jury could not have found in favor of the plaintiffs. The county points in particular to an article published in the July 19, 1977 McCurtain Gazette showing a picture of defendant Price standing next to the ditch already dug across plaintiffs' land. Since the district court found that the plaintiffs became owners of the land on December 16, 1977, this newspaper article conclusively proves that the ditch was dug prior to plaintiffs' ownership. We agree with the county that a reasonable jury could not have found that the ditch was dug subsequent to plaintiffs' ownership. Since the jury was correctly instructed that plaintiffs could only recover for trespass to their property that occurred after they became owners of the property, Casey v. Mason, 8 Okla. 665, 59 P. 252 (1899); John Price Associates v. Utah State Conference of Bricklayers, 615 P.2d 1210 (Utah 1980), the jury could not have found the county liable to plaintiffs for the digging of the ditch.
 
 
 11
 The county concedes that it did enter upon the land again to do further work on the ditch after plaintiffs became owners of the land. The county asserts, however, that this entry upon the land was at the request of the plaintiffs and therefore could not constitute a trespass. In support of this contention, the county points to two letters sent by plaintiffs' attorney to the county requesting that further improvements be made to the ditch in order to prevent permanent erosion of the land. Plaintiffs apparently did not dispute the genuineness of these letters or that they had requested the county to make the additional repairs on the ditch. Therefore, a reasonable jury could not have concluded that the entry upon plaintiffs' land in 1978 was without plaintiffs' permission. Even if plaintiffs are correct in asserting that the 1978 entry was planned in advance of the permission given, that fact would not undermine the validity of the license. Consent from the owner of land is a valid defense to an action of trespass for acts done within the scope of the license. Antonio v. General Outdoor Advertising Co., 414 P.2d 289 (Okla.1966). Plaintiffs do not contend that defendants' actions in the summer of 1978 exceeded the permission granted to the county in their letter requesting that the county do further improvements on the ditch. In fact, a second letter sent by the plaintiffs' attorney to the county after the county's last entry on the land complains that the county did not do enough and did not complete the work that plaintiffs had requested in their first letter. Therefore, there appears to be no evidence from which the jury could have concluded that the 1978 entry was a trespass upon plaintiffs' land.
 
 
 12
 Although it is a rare case in which a directed verdict should be granted, it must be granted when the evidence produced at trial will permit only one reasonable conclusion. Therefore the judgment of the district court in favor of the plaintiffs and against the county for money damages must also be reversed. On remand judgment must be entered in favor of the defendants on both the equitable and legal claims. In addition, because defendants are prevailing parties, the district court will entertain their motions for costs and attorney's fees.
 
 
 
 *
 Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation