**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BELVA ANN NAHNO-LOPEZ;
BERDENE NAHNO-LOPEZ; BETTY
JEAN CROCKER; LUCINDA
KERCHEE; ROBERTA C BURGESS-
KERCHEE; GWENDOLYN KAY
KERCHEE; MELVIN KERCHEE, JR.,

      Plaintiffs - Appellants,

and

REACHELE DARBY-GARCIA;
MARGARET PENCE,

      Plaintiffs,

v.

JEFF HOUSER; LORI WARE;
MICHAEL DARROW; ROBIN ISOM;
LORETTA BUCKNOR; JANET
MANN; NORMAN D. NOTT,

      Defendants - Appellees,

and

FORT SILL APACHE CASINO, a
private enterprise,

      Defendant.

No. 09-6258

Gary Montana, Osseso, Wisconsin, for Appellants.

Richard Grellner of Law Office of Richard J. Grellner, Oklahoma City, Oklahoma (and Robert E. Prince of Carter & Prince, Lawton, Oklahoma, with him on the brief), for Appellees.

Before **KELLY**, **GORSUCH**, Circuit Judges, and **MELGREN**[*], District Judge.

**KELLY**, Circuit Judge.

Plaintiffs-Appellants filed this action claiming unlawful use of their real property and seeking declaratory judgment, injunctive relief, ejectment, and damages. They appeal from the district court's grant of summary judgment in favor of Defendants-Appellees, members of the Business Committee of the Fort Sill Apache Tribe of Oklahoma and the Manager of the Fort Sill Casino. The district court had subject-matter jurisdiction pursuant to 25 U.S.C. § 345 and appellate jurisdiction arises under 28 U.S.C. § 1291. We affirm.

---

[*] The Honorable Eric F. Melgren, U.S. District Court Judge, District of Kansas, sitting by designation.

## Background

This case involves a dispute over real property allegedly leased by the Fort Sill Apache Tribe of Oklahoma (the "Tribe"), acting through its Tribal Business Committee (the "Business Committee"). Defendants are members of the Business Committee and the Manager of the Fort Sill Apache Casino (the "Casino"), all named in their individual capacities. Plaintiffs are members of the Comanche Tribe and hold beneficial title to the real property at issue.

In June 1999, the Tribe's General Council authorized the Business Committee to acquire the property. See Aplt. App. 250. The Business Committee negotiated a purchase agreement. However, litigation ensued and the purchase was never consummated. Instead of purchasing the property, in October 2003 Plaintiffs and the Business Committee entered into a lease agreement, pursuant to which the Tribe would make five yearly payments of $300 to each Plaintiff. See Aplt. App. 180. It is undisputed that Plaintiffs received at least four yearly payments under this lease. They never returned or attempted to return these payments.

Plaintiffs maintain that the Secretary of the Interior never approved the lease, as is required by 25 U.S.C. § 348. Nevertheless, in 2007 construction of a parking facility began. After completion of the parking facility, an official from the BIA issued a notice of trespass to the Tribe, indicating that the BIA considered the lease null and void. The Tribe brought suit challenging the BIA's

-3-

trespass determination, which the Tribe later dropped, allegedly in reliance on an Assistant United States Attorney's assurance that the BIA had impliedly approved the lease.  See Aplt. App. 183.

After these events, Plaintiffs filed this action which contained seven counts. See Aplt. App. 12, 20-25.  Only two counts survived a motion to dismiss: a claim alleging violation of 25 U.S.C. § 345, which grants federal jurisdiction over Indian claims of unlawful exclusion from congressionally allotted parcels, and a common-law trespass claim.  These counts remain only as to Defendants in their individual capacities, and only for declaratory and monetary relief. See Aplt. App. 101-03.

Defendants moved for summary judgment on these claims.  Their memorandum in support contained fifty-seven facts, each of which was supported by an affidavit or documentary evidence.  See id. 111-23.  Of particular importance are the following:

-"The Tribe's Business Committee has authority delegated from the Tribe's General Council to administer business operations of the Tribe . . . , including operations of the Fort Sill Apache Casino," id. 112;

-"[T]he Tribe's General Counsel authorized the Tribe's Business Committee to acquire the property" at issue in the case, id. 117;

-"Plaintiffs gave express consent to the Tribe to make use of the property, including consent to develop a portion of the property for customer parking for the Fort Sill Apache Casino," id. 118;

-The Tribe made payments under the lease and loans under the abandoned purchase agreement, which the Plaintiffs never returned or tendered, see id. 118, 120; and

-Before the lease expired, Casino activities ceased and the Plaintiffs' land was restored to its original condition. See id. 123.

In response, Plaintiffs set forth fifty undisputed facts, only four of which contained a reference to the record. None referenced Defendants' undisputed facts. See Aplt. App. 143-49. Three of the facts with record references pertain to claims by the "Pence Plaintiffs," who dismissed their claims on appeal. The one remaining "undisputed fact" ostensibly with some support is:

-"Whether or not the General Council of the Ft. Sill Apache Tribe authorized a purchase of the Kerchee lands and not an illegal lease." Aplt. App. 148.

Though styled as "undisputed facts," all other statements were merely reassertions of original pleadings or conclusory, unsupported allegations. See id. 143-49.

The district court granted summary judgment, holding that Plaintiffs failed to raise a genuine issue of material fact for trial. See id. 168. Despite Plaintiffs' non-compliance with the local rule requiring citations to the supporting evidence, the district court reviewed the documents purportedly incorporated by the Plaintiffs and found no support for their assertions. See Aplt. App. 166. It also held that Defendants were entitled to sovereign and qualified immunity. See id. 167-68.

On appeal, Plaintiffs argue that the district court erred in granting summary judgment given disputed genuine issues of material fact and that Defendants are not entitled to any immunity having acted outside of their authority.  We hold that the Plaintiffs failed to establish a genuine issue of material fact for trial and affirm solely on that basis.

Discussion

A.    Jurisdiction

The surviving claims of the Plaintiffs include a claim asserting violation of 25 U.S.C. § 345 and a common-law trespass claim.  See Aplt. App. 101 (district court's order); id. 21, 24 (original complaint setting forth the two surviving claims).  Some clarification of these claims is needed to explain the basis for subject-matter jurisdiction and properly state the issues.

Title 25 U.S.C. § 345 grants jurisdiction over "suits involving the interests and rights of the Indian in his allotment or patent after he has acquired it." United States v. Mottaz, 476 U.S. 834, 845 (1986) (internal quotation marks and citation omitted).  However, § 345 does not create cause of action or a standard for liability.  See 25 U.S.C. § 345; cf. Touche Ross & Co v. Redington, 442 U.S. 560, 577 (1979) ("Section 27 [of the Securities Exchange Act of 1934] grants jurisdiction to the federal courts . . . .  It creates no cause of action of its own force and effect; it imposes no liabilities.").  Thus, Plaintiffs' first count—which

asserts "violation" of 25 U.S.C. § 345—does not in and of itself state a claim for relief.

Plaintiffs' second count asserts a common-law trespass claim. However, Indian rights to a Congressional allotment are governed by federal—not state—law. See Oneida Cnty. v. Oneida Indian Nation of New York State, 470 U.S. 226, 235-36 (1985) (holding that federal common law, not state law, governed Indian tribes' damage claims); United States v. Milner, 583 F.3d 1174, 1182 (9th Cir. 2009) ("Federal common law governs an action for trespass on Indian lands."(citations omitted)); Felix S. Cohen, Handbook of Federal Indian Law § 16.03(3)(c) (5th ed. 2005) ("[S]tate courts have no jurisdiction over allotment ownership disputes . . . ."(footnote omitted)). Thus, to the extent that Plaintiffs ground their trespass claim in *state* common law, it cannot provide relief.

Plaintiffs' two claims, however, can be fairly construed to articulate a viable claim over which we have jurisdiction. They contend that § 345 was "violated" in the sense that Defendants' presence on their property constituted trespass and was thus "unlawful" within the meaning of § 345. See Aplt. Br. 8. They combine this with a claim for common-law trespass. See Aplt. App. 24. We construe the complaint as stating a *federal* common-law trespass claim, for

which § 345 provides jurisdiction.[1]  Accord Milner, 583 F.3d at 1182 (noting that actions for trespass on Indian lands are governed by federal common law (citing United States v. Pend Oreille Pub. Util. Dist. No. 1, 28 F.3d 1544, 1549 n.8 (9th Cir. 1994); Oneida Cnty., 470 U.S. 226 at 235-36)).

In other words, Plaintiffs' two surviving counts form, in essence, one claim: a federal common-law trespass claim for which § 345 provides federal subject-matter jurisdiction.  Oklahoma trespass law provides the rule of decision for this federal claim.  See California ex rel. State Lands Comm'n v. United States, 457 U.S. 273, 283 (1982) ("Controversies governed by federal law do not inevitably require resort to uniform federal rules.  It may be determined as a matter of choice of law that, although federal law should govern a given question, state law should be borrowed and applied as the federal rule for deciding the substantive legal issue at hand.") (citations omitted);  Milner, 583 F.3d at 1182 n.6 (adopting Washington trespass law to govern a federal common-law trespass claim brought by Indians) (citations omitted); Felix S. Cohen, Handbook of Federal Indian Law § 16.03(3)(c) (5th ed. 2005) ("Although state courts have no jurisdiction over allotment ownership disputes, federal law adopts state law as the rule of decision in many circumstances, either explicitly or implicitly.").

---

[1]  The district court also had subject-matter jurisdiction under 28 U.S.C. § 1331, as a federal common-law suit provides federal question jurisdiction.  See Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians, 471 U.S. 845, 850 (1985).

-8-

B.    Summary Judgment

Our review of a summary judgment decision is de novo and we employ the same standard as the district court.  See Oldenkamp v. United Am. Ins. Co., — F.3d —, 2010 WL 3758715, *2 (10th Cir. 2010) (internal quotation marks and citations omitted).  We view the evidence and make inferences in the light most favorable to the non-movant.  Id.

Under Federal Rule of Civil Procedure 56(c)(2), summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2). The movant bears the initial burden of proving that no genuine issues of material fact exist for trial.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). In response, the non-movant must "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The non-movant "may not rely merely on . . . its own pleadings."  Id.  Rather, it must come forward with facts supported by competent evidence.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir. 1998).  If the non-movant fails to carry this burden, summary judgment is appropriate.  Id.

An issue of fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "material" "if

under the substantive law it is essential to the proper disposition of the claim" or defense. Adler, 144 F.3d at 670 (citing Anderson, 477 U.S. at 248). In determining whether a non-movant asserting a claim or defense has raised a genuine issue of material fact, courts invariably take into account the substantive burden of proof at trial. See Anderson, 477 U.S. at 252. Thus, in response to a properly supported motion for summary judgment, a non-movant must produce sufficient evidence for a reasonable trier of fact to find in its favor at trial on the claim or defense under consideration.

Plaintiffs failed to carry this burden as to their claim. The local rules provide that when confronted with a movant's numbered statement of undisputed facts supported by citations to record evidence, a non-movant must provide a concise statement of material facts as to which the party asserts genuine issues exist. W.D. Okla. L.R. 56.1(b) & (c). Each fact in dispute must be numbered and supported by citations to record evidence. Id. This counter-statement of facts must also indicate (where applicable) the number of the movant's fact that is disputed. Id. Although Plaintiffs included a numbered statement of facts, they did not reference Defendants' facts. They did reference and include three underlying lease documents pertinent to claims now dismissed on appeal. Aplt. App. 147. Concerning whether the Defendants acted with authority, Plaintiffs stated that the Tribe's General Counsel delegated the authority to purchase—but not to lease—the Plaintiffs' property. See Aplt. App. 148. In support of this

-10-

factual contention, Plaintiffs cited to a Tribal Council Resolution that vests the Business Committee with "such authority as may be reasonable and necessary for the . . . acquisition" of Plaintiffs' property. Aplt. App. 148, 249-250.

Putting aside whether this single supported fact raises a "genuine" issue—after all, the "reasonable and necessary authority" to acquire property seems to encompass the authority to lease, see Black's Law Dictionary (8th ed. 2004) (defining "acquisition" as "the gaining of possession or control over something")—it certainly does not raise a "material" issue.

Under Oklahoma law, consent forms a complete defense to trespass. See Antonio v. Gen. Outdoor Adver. Co., 414 P.2d 289, 291 (Okla. 1966) ("Trespass is not committed if there is permission or consent to do [the] acts complained of, which consent may be implied by the circumstances." (internal quotation marks and citation omitted)); Vertex Holdings, LLC v. Cranke, 217 P.3d 120, 123 (Okla. Civ. App. 2008) (defining trespass as "the actual physical invasion of the property of another *without permission*"(emphasis added) (citations omitted)). Plaintiffs did not controvert Defendants' properly supported contention that "Plaintiffs gave express consent to the Tribe to make use of the property." See Aplt. App. 118 (¶ 33). Thus, Plaintiffs' controverted fact is immaterial: even if the Business Committee did not have the authority to enter into the lease, Plaintiffs' consent to Defendants' presence precludes recovery for trespass. Because Plaintiffs failed to properly raise a genuine issue of material fact for trial, the district court's grant of

summary judgment was appropriate.

Plaintiffs argue that non-compliance with the local rules by not labeling undisputed facts as disputed should not warrant summary judgment and that it should have been apparent from their presentation that Defendants' facts were disputed, at least as to the authority of the Business Committee Members. Aplt. Br. 30-33. In return, Defendants point out that Plaintiffs failed to heed a fundamental requirement of federal summary judgment practice (identifying specific evidence showing a genuine issue of material fact), leaving undisputed the movant's statement of material facts, which was supported by detailed references to the record. Aplee. Br. 25. We agree with Defendants.

Local rules that are consistent with the national rules have the force of law. Kinsley v. Lakeview Reg'l Med. Ctr. LLC, 570 F.3d 586, 589 (5th Cir. 2009); Fed. R. Civ. P. 83(a)(1). Plaintiffs do not challenge the validity of the Western District of Oklahoma's local rule 56.1, nor do they claim that the rule was vague or unclear. Contrary to Plaintiffs' assertions, the rule is not a simple "labeling" requirement. It is an important tool to identify and address the facts at issue on summary judgment: a district court should not have to guess which of the movant's material facts are actually disputed by the non-movant. This is particularly important in complicated litigation, as the district court correctly noted. See Aplt. App. 165. In the end, however, Plaintiffs' failure to produce the evidence specifically required under Federal Rule of Civil Procedure 56(e)(2)

warranted summary judgment.

Plaintiffs also argue that they properly raised legal defenses to summary judgment. See Aplt. Br. 32. The Supreme Court has been quite clear of late that conclusory statements of law cannot defeat a motion to dismiss. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). That admonition would seem to apply even more so in the summary judgment context. Conclusory legal statements cannot preclude summary judgment.

The district court also held that Defendants were entitled to sovereign immunity and qualified immunity. See Aplt. App.166-68. In view of our disposition, we do not reach those issues.

AFFIRMED.