FILED
United States Court of Appeals
Tenth Circuit

**July 29, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

FRED W. BOSTON,

     Plaintiff - Appellant,

v.

BLUE CROSS AND BLUE SHIELD
OF KANSAS, INC.,

     Defendant - Appellee.

No. 10-3263
(D.C. No. 2:09-CV-02032-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

_____

Plaintiff-Appellant Fred Boston appeals from the grant of summary judgment in favor of Defendant-Appellee Blue and Cross Blue Shield of Kansas ("Blue Cross").  Mr. Boston alleges that Blue Cross engaged in unlawful age discrimination when it promoted another employee, Fred Palenske, to a vice-president position.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

<u>Background</u>

*A. Factual Background*

Mr. Boston worked for Blue Cross from October 1972 until his retirement in April 2008. Aplt. App. 49. At the relevant time, Mr. Boston served as the director of a marketing unit with a final salary of about $147,000. <u>Id.</u> at 50, 125. All directors at Blue Cross reported to the vice president of their division. <u>Id.</u> at 51. Mr. Boston had a bachelor's degree and had participated in at least one training program offered by Blue Cross. <u>Id.</u> at 50. When Mr. Palenske was promoted to vice-president, Mr. Boston was fifty-nine years old. <u>See</u> <u>id.</u> at 49, 51.

Mr. Palenske has worked for Blue Cross since 1988. <u>Id.</u> at 52. Before he was promoted to vice-president, he served as a contract specialist, a manager for regulatory compliance, and the director for regulatory compliance. <u>Id.</u> Mr. Palenske held a bachelor's degree and a master's of business administration. <u>Id.</u> He was forty-seven years old at the time of his promotion. <u>Id.</u> at 51.

In October 2007, the President and CEO of Blue Cross (Mike Mattox) retired. <u>Id.</u> Andrew Corbin, formerly the vice-president of marketing, was promoted to CEO. <u>Id.</u> Mr. Palenske had also applied for the CEO position at the urging of his then-supervisor. <u>Id.</u> at 56. Shortly after Mr. Corbin ascended to CEO, Mr. Palenske scheduled a meeting in which he indicated his interest in gaining more responsibility and presented several ideas for the company. <u>Id.</u>

Impressed with Mr. Palenske's initiative, education, and management skills, Mr. Corbin selected him to fill an open vice-president position. Id. at 56-57.

Under Blue Cross's bylaws, the CEO may select officers without posting the job opening or conducting interviews. Id. at 57. Mr. Corbin did not post the position eventually filled by Mr. Palenske, nor did he conduct interviews. Id. Mr. Boston does not argue that he expressed interest in the vice-president position after Mr. Corbin became CEO.

In January 2007, Mr. Boston told Mr. Corbin, his direct supervisor at the time, that he intended to retire upon turning 60. Id. at 56. In April 2008, when Mr. Boston turned 60, he retired with benefits, electing a lump sum pension payment of approximately $1.2 million funded by employer contributions. Id. at 123-24. During his tenure, he participated in a 401(k) plan which included an employer-match provision, and also he receives 75% of health insurance premiums and life insurance paid by the company. Id. at 112, 123-24. In March 2008 he filed a charge of discrimination with the EEOC, alleging that Mr. Palenske was promoted instead of Mr. Boston because he was younger. Id. at 234. In July 2008 he filed a similar charge with the Kansas Human Rights Commission. Id. at 236-37. He filed this lawsuit in January 2009, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Id. at 8.

*B. Procedural Background*

Blue Cross moved for summary judgment, arguing that Mr. Corbin selected Mr. Palenske based on several non-age-related factors, including his master's in business, his experience in developing policy and ensuring regulatory compliance, and his communication and management skills. Id. at 57. Blue Cross also argued that Mr. Corbin was impressed with Mr. Palenske's initiative and interest, as demonstrated by the meeting Mr. Palenske scheduled shortly after Mr. Corbin became CEO. Id. at 56.

In response, Mr. Boston argued that the evidence raised a genuine dispute as to whether Mr. Corbin's proffered rationale was pretextual. Id. at 252. In support he cited evidence of statements made during a meeting called by Mr. Corbin to announce Mr. Palenske's promotion. Mr. Boston testified that during the meeting Mr. Corbin stated that the promotion "satisf[ied] one of the corporation's directives to get younger people in key vice-president roles." Aplt. App. 265. Mr. McGhee, another director present at the meeting, testified that although he did not remember the precise language, Mr. Corbin stated something along the lines of "with these changes, we're younger." Id. at 267. However, it was Mr. McGhee's impression that age did not play a role in the promotion. Id. at 211. Finally, Mr. Dean, another director who was at the meeting, testified that he perceived that age was a factor in the decision. Id. at 273. Mr. Corbin flatly denied making any such age-related comments. Id. at 148-49.

- 4 -

Mr. Boston does not dispute that Mr. Palenske is qualified for the position. He does not argue that he was more qualified than Mr. Palenske, and does not attempt to demonstrate that he would have been promoted instead of numerous other directors, including Mr. McGhee and Mr. Dean.

The district court, applying the burden-shifting framework of McDonnell Douglas, held that Mr. Boston made a prima facie case of discrimination, that Blue Cross proffered a legitimate, non-discriminatory rationale, and that Mr. Boston failed to produce sufficient evidence of pretext. Id. at 328-32. Accordingly, it granted Blue Cross's motion for summary judgment. Id. at 332. Mr. Boston timely appealed. Id. at 335.


Discussion

We review the grant of summary judgment de novo, applying the same standard as the district court. Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue; "[t]he mere existence of a scintilla of evidence . . . will be insufficient." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986).

The ADEA prohibits employers from discriminating on the basis of age.

- 5 -

See 29 U.S.C. § 623(a)(1). We analyze ADEA claims such as this one under the McDonnell Douglas framework, see Jones v. Okla. City Pub. Sch., 617 F.3d 1273, 1279-80 (10th Cir. 2010), keeping in mind the plaintiff's ultimate burden of proving that "age was the 'but-for' cause of the employer's adverse decision," Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2350 (2009) (citations omitted).

Neither party disputes that Mr. Boston established a prima facie case or that Blue Cross advanced a legitimate rationale for the decision. See Aplee. Br. 31-32, Aplt. Br. 15-16; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973) (establishing burden-shifting framework). Thus, the only issue is whether Mr. Boston produced evidence from which a reasonable jury could conclude that the proffered rationale was pretextual. See McDonnell Douglas, 411 U.S. at 804-05. We hold that he did not.

At the outset, we note that Mr. Palenske was undoubtedly qualified for the position: he had an MBA, nineteen years of experience with the company, and the full support of his former boss. See Aplt. App. 52, 148. Mr. Boston does not dispute these facts or argue that he was more qualified. Further, Mr. Palenske showed considerable initiative and desire for the position and shared several ideas for the company's future in his meeting with Mr. Corbin. Id. at 56. By contrast, Mr. Boston did not express any interest in the position or take steps to ensure he was under consideration—indeed, Mr. Corbin recalled Mr. Boston saying that he intended to retire upon turning sixty, the course Mr. Boston ultimately pursued.

See id. These facts are consistent with Blue Cross's legitimate, non-discriminatory rationale for the promotion. See Aplt. App. 185.

We consider pretext evidence as a whole, but even under that standard, we do not think the evidence sufficient to get this case before a jury. See Danville v. Reg'l Lab Corp., 292 F.3d 1246, 1250 (10th Cir. 2002). Mr. Boston argues that (1) he disputed whether he told Mr. Corbin he intended to retire, (2) he discussed with Mr. Corbin his desire for more responsibility and the potential for more opportunity when Mr. Mattox retired, (3) Mr. Corbin's reference to youth during his announcement of Mr. Palenske's promotion indicated that the promotion was based on age, and (4) a colleague perceived that age was a factor in Mr. Palenske's selection. Aplt. Br. at 10, 19, 21-25. He argues that, given these facts, the issue of pretext should have been submitted to the jury and the court engaged in improper weighing of the evidence by failing to do so. Id. at 25.

Though Mr. Boston indicated that the statement attributed to him about retirement was controverted, he did so by listing additional topics discussed and did not cite evidence directly controverting Mr. Corbin's account of the conversation. Aplt. App. at 248, 263. Regardless, none of the evidence suggests that Mr. Corbin's belief about Mr. Boston's impending retirement, even if mistaken, was not genuinely held. See Swackhammer v. Sprint/United Mgmt. Co., 493 F.3d 1160, 1170 (10th Cir. 2007).

The remainder of the pretext evidence is simply insufficient to raise a

genuine dispute of material fact in light of the qualifications of Mr. Palenske and Mr. Boston's burden to ultimately demonstrate that but for his age, he would have been promoted.  See Gross, 129 S. Ct. at 2350.  Mr. Corbin was Mr. Boston's direct supervisor when Mr. Boston indicated his desire for greater responsibility when and if Mr. Mattox retired.  By Mr. Boston's own account, Mr. Corbin had no reaction to his expression of interest.  Aplt. App. 263.  Further, it is difficult to differentiate Mr. Boston's situation from other disappointed directors not chosen for the vice-president position—there is no reason to believe that if Mr. Palenske had not been promoted, Mr. Boston, as opposed to any one of the other directors, would have been.  See Aplt. App. 62.  Even if Mr. Corbin stated something along the lines of "with these changes, we're younger," such a general, non-specific observation does not defeat the specific factors management claimed to rely upon.  See, e.g., Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994).

Finally, the perceptions and speculation of a non-decisionmaker colleague counts for little in this inquiry—"mere conjecture that an employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."  Santana v. City & Cnty. of Denver, 488 F.3d 860, 864-65 (10th Cir. 2007) (internal quotation marks, brackets, and citation omitted).  We also reject the notion that any mention of succession planning is tantamount to pretext; compliance with the ADEA and succession planning need not be mutually

exclusive. As Mr. Boston himself recognizes, "[s]uccession planning is obviously necessary for a corporation to have." Aplt. App. 100.

In sum, Mr. Boston has not produced sufficient evidence for a reasonable trier of fact to conclude that Blue Cross's rationale was false, that it acted contrary to a written or unwritten policy, or that it was otherwise unworthy of credence. See Green v. New Mexico, 420 F.3d 1189, 1192-93 (10th Cir. 2005). Accordingly, the judgment must be

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge