FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PYRAMID DIVERSIFIED
SERVICES, INC., d/b/a Simple HR,

      Plaintiff-Counter
      Defendant,

v.

PROVIDENCE PROPERTY &
CASUALTY INSURANCE
COMPANY,

      Defendant-Counter
      Claimant-Cross
      Defendant-Cross
      Claimant,

and

PACA, INC.,

      Defendant-Cross
      Claimant-Third Party
      Plaintiff-Cross
      Defendant-Appellee,

and

PARK AVENUE PROPERTY &
CASUALTY INSURANCE
COMPANY,

      Cross-Defendant,

v.

PROVIDENCE HOLDINGS, INC.,

No. 10-6263
(D.C. No. 5:09-CV-00622-HE)
(W.D. Okla.)

Third Party-Defendant-
Appellant,

_____

SKILSTAF, INC.,

Intervenor Defendant-
Third Party Plaintiff-
Cross Claimant-
Cross-Defendant-
Appellee.

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

Third-party defendant Providence Holdings, Inc. appeals from a partial summary judgment, certified as final under Fed. R. Civ. P. 54(b), that awarded Skilstaf, Inc. and PACA, Inc. damages arising out of a loan dispute. We AFFIRM for substantially the same reasons given by the district court.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Providence is an insurance holding company. A Providence subsidiary provided workers compensation coverage to Skilstaf and PACA, which are organizations that manage human-resource responsibilities for various businesses.

Skilstaf and PACA loaned Providence $3.1 million under three "surplus loan agreements" to help the subsidiary carry out its insurance business and "meet regulatory requirements as to capital and surplus." Aplt. Br. at 3. Providence then loaned $7.05 million to its subsidiary pursuant to "surplus certificates." *Id.* Providence was required to repay Skilstaf and PACA "when and as interest and principal are received on the . . . surplus note[s]," Supp. Aplee. App., Vol. 2 at 39, 44, 49.

In 2005, Providence canceled the surplus certificates and converted them to paid-in capital. In 2008, Providence sold its subsidiary. At some point thereafter, the subsidiary was placed into receivership and liquidated. Providence made interest payments under the surplus loan agreements to Skilstaf and PACA through November 2009, but failed to repay any principal.

Skilstaf and PACA sued Providence, and moved for summary judgment, arguing that the surplus loan agreements mandated repayment of the loans when Providence converted the surplus certificates to paid-in capital. The district court agreed, stating that "the indebtedness represented by the surplus notes was discharged by the conversion and that this discharge/conversion effected a

repayment of the surplus notes within the meaning of the surplus loan agreements." Aplt. App. at 172. Accordingly, it granted Skilstaf and PACA summary judgment.

## DISCUSSION

We review the grant of summary judgment de novo, applying the same standards as the district court. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In conducting our review, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1246 (10th Cir. 2010) (quotation omitted).

Providence argues that summary judgment was inappropriate because there was no evidence concerning the amount of debt canceled by the debt-to-equity conversion. That is incorrect. The cancellation satisfied a $7.05 million debt owed by the subsidiary to Providence—$3.1 million of that amount had been supplied by Skilstaf and PACA. And as the district court observed, Providence admitted in an interrogatory that it had completed the loan transaction and canceled the surplus certificates. Against this evidence, Providence has cited nothing to show that the loan to its subsidiary was not repaid. "[I]n response to a properly supported motion for summary judgment," the non-moving party "must

-4-

produce sufficient evidence for a reasonable trier of fact to find in its favor at trial on the claim or defense under consideration." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). Providence has failed to carry its burden.

Providence also contends that because its subsidiary was in liquidation while "Skilstaf and PACA were pursuing their motion for summary judgment," their recovery was limited by the surplus loan agreements. Aplt. Br. at 9. Providence relies on language in those agreements stating that "[i]n the event of liquidation of [the subsidiary], repayment . . . shall be paid to [Skilstaf and PACA] out of any assets remaining after the repayment of all policy obligations and all other liabilities of [the subsidiary]." Aplee. Supp. App., Vol. 2 at 49. But as the district court aptly noted, Skilstaf and PACA were entitled to payment based on the 2005 debt-to-equity conversion; consequently, the liquidation of Providence's subsidiary after its sale in 2008 was irrelevant.

## CONCLUSION

The judgment of the district court is AFFIRMED for substantially the same reasons given by the district court in its September 16, 2010, order granting summary judgment.

Entered for the Court

David M. Ebel
Circuit Judge

-5-