FILED
United States Court of Appeals
Tenth Circuit

July 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KELVIN L. DAVIS; SHARON D.
DAVIS; KTD, a minor; JTD, second
minor; JDD, third minor,

     Plaintiffs - Appellants,

v.

WENDY GARCIA; VERONICA
KASPRZAK; AMY REED; CHARLENE
SANSONE; LORI HOLMES,

     Defendants – Appellees,

and

DIANE WILKINS, Judge; ROBERT
PARRISH; LAURA THOMPSON;
SONIA SWEENEY; GUARDIAN AD
LITEM'S OFFICE; UTAH ATTORNEY
GENERAL'S OFFICE; STATE OF
UTAH; RICK SMITH; DWAYNE
BETOURNAY; UTAH DIVISION OF
CHILD AND FAMILY SERVICES,

     Defendants.

No. 13-4102
(D.C. No. 1:07-CV-00148-CW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore

Before **KELLY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Acting under court orders, Utah's Division of Child and Family Services (DCFS) removed Plaintiffs KTD, JTD, and JDD from the custody of their parents, Plaintiffs Kelvin and Sharon Davis, in 2006. The parents eventually regained custody in 2008. But in the interim Plaintiffs sued five DCFS employees in the United States District Court for the District of Utah. They brought federal civil-rights claims under 42 U.S.C. § 1983 and state-law tort claims. The district court granted summary judgment for Defendants on the federal claims, holding (1) that it lacked jurisdiction under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *D.C. Ct.App. v. Feldman*, 460 U.S. 462 (1983), which limits federal review of state-court judgments to the United States Supreme Court, and (2) that if it had jurisdiction, Defendants were entitled to qualified immunity and Plaintiffs were barred by collateral estoppel. On the state-law claims the court granted summary judgment on the grounds that the parents' claims were untimely; the children's claims were premature; and Plaintiffs failed to produce any evidence of fraud or willful misconduct, as required by the Utah Governmental Immunity Act

ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

(UGIA), Utah Code Ann. § 63-30d-202(3)(c) (West 2004) (current version at § 63G-7-202 (West 2014)).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Even though we hold that at least part of Plaintiffs' Fourteenth Amendment claim was not barred by *Rooker-Feldman*, Plaintiffs waived any challenge to the district court's rulings on qualified immunity and collateral estoppel because they failed to dispute the rulings in their opening brief on appeal. As for the state-law claims, we agree with the district court that Plaintiffs presented no evidence that Defendants acted through fraud or willful misconduct.

## I.    BACKGROUND

Plaintiffs originally sued a number of state entities, officers, and employees, but the only remaining defendants are Wendy Garcia, Lori Holmes, Veronica Kasprzak, Amy Reed, and Charlene Sansone (Defendants), all of whom are DCFS employees. Plaintiffs' suit arose from Defendants' conduct leading up to and during state-court proceedings that ultimately resulted in court orders denying the parents' custody over their children. Plaintiffs raised two civil-rights claims under 42 U.S.C. § 1983, alleging that Defendants violated their Fourth and Fourteenth Amendment rights by removing the children from their parents without consent, by failing to give Plaintiffs adequate notice of accusations and court proceedings, and by making "false and unverified accusations . . . in [their] reports to the Court." Aplt. App. at 36–37. They also raised six state-law claims: (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress,

(3) negligence, (4) defamation, (5) negligent hiring, and (6) negligent supervision. As stated above, the district court granted summary judgment for Defendants on all the claims.

## II.  ANALYSIS

On appeal Plaintiffs argue that their Fourteenth Amendment claim was not barred by *Rooker-Feldman*. They do not contest, however, the district court's holdings that the claim was barred by qualified immunity and collateral estoppel. As for the state-law claims, Plaintiffs concede that summary judgment was properly granted against the parents but challenge both the district court's grounds for granting summary judgment against the children.

### A.  Federal Claims

Assuming that the *Rooker-Feldman* doctrine implicates our jurisdiction, we address it first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (jurisdiction must be determined before resolving merits). The doctrine "bars the lower federal courts from engaging in appellate review of state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1279–80 (10th Cir. 2012). That authority is reserved for the Supreme Court. *See id.* at 1281. This limitation on jurisdiction is narrow and does not apply "[w]hen the state-court judgment is not itself at issue." *Id.* (internal quotation mark omitted); *see PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) ("*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment . . . ." (internal quotation marks omitted)). Thus, for

*Rooker-Feldman* to prohibit review, "an element of the claim must be that the state court wrongfully entered its judgment." *Campbell*, 682 F.3d at 1283.

Our decision in *Wagner* controls the *Rooker-Feldman* issue in this case. In *Wagner* the plaintiffs, a minor child and his parents, alleged that DCFS employees and other state actors had violated their Fourth and Fourteenth Amendment rights during a dispute over the custody of the child in Utah's juvenile court. *See* 603 F.3d at 1187. Two of the defendants moved for summary judgment under *Rooker-Feldman*. *See id.* at 1192. They alleged that the plaintiffs' claims required the federal district court to review two state-court orders, one granting custody of the child to the state and one accepting the parents' "guilty pleas for misdemeanor custodial interference." *Id.* at 1193. The plaintiffs' due-process claims under the Fourteenth Amendment were based "on misrepresentations allegedly made by the defendants during the juvenile court proceedings . . . and on DCFS's alleged failure to conduct an independent investigation of [the child's] case before filing the verified petition." *Id.* at 1194. We held that these claims were independent of the state-court judgments and that *Rooker-Feldman* therefore was not applicable. *See id.*

Plaintiffs allege in their opening brief "that the Defendants made misrepresentations during the state court proceedings, failed to conduct independent investigations into the allegations of abuse against the Plaintiffs, and failed to investigate credible reports that the children were being abused by their foster family while in [DCFS's] custody." Aplt. Br. at 24. As Defendants point out, these allegations do not

match the complaint. Nevertheless, there is some overlap. Plaintiffs' complaint alleged that they were deprived of "procedural and substantive due process because of," among other things, "the *false* and *unverified* accusations made by . . . Defendants in [their] reports to the Court." Aplt. App. at 36–37 (emphasis added). This allegation would encompass claims that Defendants made misrepresentations and failed to conduct independent investigations, thereby bringing this case under *Wagner*. Accordingly, the district court had jurisdiction over at least some of Plaintiffs' Fourteenth Amendment claims. (Contrary to the view of the district court, the failure of Plaintiffs to provide evidentiary support for their allegations is a merits issue, not one of jurisdiction, and does not affect the *Rooker-Feldman* analysis.)

Nevertheless, Defendants are still entitled to summary judgment. As an alternative ground for its ruling, the district court held that Plaintiffs' § 1983 claims were barred by qualified immunity and collateral estoppel. Yet Plaintiffs' opening brief says nary a word to dispute those rulings. Accordingly, Plaintiffs have waived any challenge to them. "Issues not raised in the opening brief are deemed abandoned or waived." *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) (internal quotation marks omitted). We therefore affirm the dismissal of Plaintiffs' Fourteenth Amendment claim.

B.  **State-Law Claims**

The district court granted summary judgment against the children's state-law claims on two grounds: (1) the complaint was filed before the notice of claim was filed,

6

and (2) Plaintiffs failed to present evidence that Defendants "acted or failed to act through fraud or willful misconduct," Utah Code Ann. § 63-30d-202(3)(c)(i) (West 2004). On appeal, Plaintiffs challenge both grounds. We need address only the second ground, which requires us to affirm the judgment.

To prevail under the UGIA on a claim against a state employee, the plaintiff must show that the "employee acted or failed to act through fraud or willful misconduct." *Id.* Plaintiffs do not contest this standard or contest that the terms *fraud* and *willful misconduct* are absent from their complaint. They argue, however, that their "[c]omplaint describes numerous indications that Defendants were acting with improper motives, such as racial and age bias, and actions of the Defendants which easily fall within the 'willful misconduct' spectrum." Aplt. Br. at 29. We question whether their pleading was adequate. But even if it was, the court's ruling was a grant of summary judgment, not a dismissal for failure to plead a proper claim. Defendants submitted affidavits and various exhibits that, if believed, would establish that they committed no fraud or willful misconduct. Plaintiffs therefore bore the burden to "set out specific facts showing a genuine issue for trial . . . [and could] not rely merely on [their] own pleadings." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (internal quotation marks omitted). Yet they submitted no evidence. Their unverified complaint is insufficient.

7

## III.   CONCLUSION

We AFFIRM the district court's grant of summary judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge